GEORGE R. GRAY, TREASURER OF THE STATE OF NEW JERSEY, v. LEONARD A. WALDRON ET AL.

*Mortgage—Assignment—Recording laws— Foreign corporations— Foreclosure—Defenses.*

1. An assignment of a Michigan mortgage, acknowledged before a commissioner of deeds for Michigan in the state of New York, as evidenced by his official certificate and seal, is entitled to record without any certificate that the instrument is executed according to the laws of the state of New York; citing *Ives*

*v. Kimball*, 1 Mich. 310; *Lacey v. Davis*, 4 Id. 140; *Galpin v. Abbott*, 6 Id. 32.

2. Where the president of a corporation produces the corporate seal, and affixes the same to an instrument which he assumes to execute for and in behalf of the corporation, his authority so to do will be presumed, in the absence of proof to the contrary; citing *Benedict v. Denton*, Walk. Ch. 336; *Merrill v. Montgomery*, 25 Mich. 77.

3. The president of a New Jersey corporation, who resides in the state of New York, may, if authorized so to do by the corporation, execute in its behalf, and acknowledge before a commissioner of deeds for Michigan in the state of New York, an assignment of a Michigan mortgage owned by the corporation, so as to entitle the assignment to record in Michigan.

4. Complainant, as treasurer of the state of New Jersey, sought to foreclose a Michigan mortgage which had been assigned to his predecessor in office, and to his successors, as a guaranty to the policy-holders of a New Jersey insurance company, to which the mortgage was given. And in reversing a decree dismissing the bill, and entering one in favor of the complainant, it is held that the defendants are not in a position to question whether or not there is a statute in New Jersey authorizing the securing of policy-holders in insurance companies in the manner provided in the assignment; that those interested in the distribution of the money are the only persons who can raise that question; that the bond and mortgage and assignment, being produced, show a complete title in complainant; that the defendants have not paid the mortgage debt, and there is no party who can require payment of them again; that they are honestly and equitably bound to pay, and no claim is made in their behalf that their rights are or will be endangered by payment to the complainant.

Appeal from Muskegon. (Dickerman, J.) Argued June 23, 1894. Decided September 25, 1894.

Bill to foreclose a mortgage. Complainant appeals. Decree reversed, and one entered for complainant. The facts are stated in the opinion.

*Arthur Jones* (*J. H. Clark*, of counsel), for complainant.

*F. W. Cook*, for defendants Waldron.

*Smith, Nims, Hoyt & Erwin,* for defendant Erwin, special guardian.

*Frank Joslyn,* for defendant Anchor Life Insurance Company.

GRANT, J. The bill in this case was filed to foreclose a real-estate mortgage executed by the defendants Waldron to the Anchor Life Insurance Company, of New Jersey, January 29, 1872, for $2,500. A bond was given with the mortgage. November 16, 1872, the insurance company assigned the mortgage to Ludlow Patton, of New York, and the assignment was duly recorded November 21, 1872, in the office of the register of deeds of Muskegon county, where the land was situated. This assignment had attached to it the seal of the company, and was signed and executed on behalf of the company by E. C. Fisher, its president. Attached to it was the certificate of one John Bissell, commissioner for Michigan in New York city. The certificate stated that Mr. Fisher was known to the commissioner to be the individual described in, and who executed, the assignment; that he was duly sworn, and stated under oath that he resided in the city of Brooklyn; that he was president of the Anchor Life Insurance Company; that the seal affixed to the assignment was the common and corporate seal of said company, and was affixed thereto by the authority of the company; and that he, as such president, subscribed his name thereto by like authority. January 2, 1873, Mr. Patton and wife assigned the mortgage to Josephus Sooy, Jr., treasurer of the state of New Jersey, "to have and to hold the same unto the said party of the second part, his successors in office and assigns, for their own use and benefit, as a guaranty to the parties who may be insured in the said Anchor Life Insurance Company." The complainant filed the bill as a successor in office of Mr. Sooy, and as the then treasurer of the state of New

Jersey. The execution of the mortgage and the non-payment of both principal and interest are conceded. Proofs were taken in open court, and the bill dismissed, but the record contains no reason given by the circuit judge for his action.

The positions of the defendants the Waldrons are summarized as follows:

(1) The Anchor Life Insurance Company, being a foreign private corporation, was, as to its rights and powers of alienation of property, governed entirely by the statute law of its domicile, viz., the state of New Jersey.

(2) Being thus domiciled, it had no power to act beyond the territorial limits of that state, or, in other words, its president could not execute any legal document in the name of the corporation in another state.

(3) There was no proof of any statute authorizing such act outside that state.

(4) There was no proof of any statute of New Jersey authorizing the treasurer of that state to take and hold property for the purposes indicated in the assignment, and the words "treasurer of the state of New Jersey," used in the assignment, must be treated as merely *descriptio personam*, and surplusage, and Mr. Sooy's successor could obtain no rights except upon the execution of an assignment from him.

1. The objection to the execution of the assignment before a commissioner for Michigan in the city and state of New York is not well taken. Being executed before the commissioner, and the execution and certificate being in due form, with the proper seals of both the corporation and commissioner attached, the assignment was entitled to record, and was duly recorded. We are not cited to any authorities which hold that the execution of an instrument before a commissioner of this State is invalid because the corporation executing the instrument is organized under the laws of another state, nor can we see any reason for so holding. This is not a corporate act of business in another state. The officer in executing an instrument

merely puts in lasting form the act of the corporators previously taken. When duly authorized, such officer may carry out the expressed will of the corporation before any officer authorized to take the acknowledgment of deeds. If the president of a Michigan corporation were the only one authorized to sign and execute a deed in accordance with a vote of the corporators, and he were absent from the State, can there be any good reason why he should not execute it before a commissioner for Michigan in another state? The president of the company lived in the state of New York, and produced and placed upon the assignment the corporate seal, which is presumptive evidence of valid and corporate authority. *Benedict v. Denton,* Walk. Ch. 336; *Merrill v. Montgomery,* 25 Mich. 77. No evidence was necessary that the instrument was executed according to the laws of the state of New York. *Ives v. Kimball,* 1 Mich. 310; *Lacey v. Davis,* 4 Id. 140; *Galpin v. Abbott,* 6 Id. 32.

2. The purpose of the assignment from Patton to Mr. Sooy is clear. It was not assigned to him in his individual capacity, but to him as treasurer and trustee for the benefit of the policy-holders in the insurance company. Mr. Sooy's name was inserted in the assignment for no other reason than that he was then the treasurer. Had his name not been mentioned, the purpose would have been no more manifest. This Court so held in *Mich. State Bank v. Trowbridge,* 92 Mich. 217, where the assignment was to the cashier by name, and to his successors and assigns,—language nearly identical with that in the present case. The defendants are not in position to question whether there is a statute in New Jersey authorizing the security of policy-holders in insurance companies in the manner provided in this assignment. Those interested in the distribution of the money are the sole persons who can raise that question. The bond, mortgage, and the

assignments, showing a complete title in the treasurer, are produced. The defendants have not paid. There is no party who can require payment of them again. They are honestly and equitably bound to pay, and no claim is made in their behalf that their rights are or will be endangered by payment to the complainant.

Decree reversed, with costs of both courts, and decree entered in this Court for the complainant.

McGrath, C. J., Long and Hooker, JJ., concurred. Montgomery, J., did not sit.