IRVING D. KARPAS, Respondent, *v.* MAURICE BANDLER, Appellant.

First Department, December 3, 1926.

**Bills and notes — action against maker by indorsee — motion by plaintiff for summary judgment — defense that note was given and delivered on express condition precedent that defendant was not to be liable until sale of certain real property, then pending, was completed — defendant alleges that condition precedent never occurred and that plaintiff had knowledge of agreement — defendant raised question of validity of note and burden is on plaintiff to prove he is holder in due course (Neg. Inst. Law, §§ 94, 98) — question of fact for jury — error to grant summary judgment.**

In an action by the indorsee to recover on a promissory note, the defendant set up the defense that the note was delivered to the payee upon an express condition precedent that the defendant was not to become liable until the sale of certain real property, in which he was interested, which sale was represented by the payee to be then pending, and that the note was not to be paid by the defendant from any other source than the profit to be realized out of that sale, and the defendant further alleged that the sale was not consummated and, therefore, the condition precedent never occurred, and the note was transferred in violation of that agreement with knowledge thereof by the plaintiff.

On a motion by the plaintiff for summary judgment, the affidavit of the plaintiff showed that the note was given to the payee in payment of a participation by the defendant in a purchase by the payee of the plaintiff's interest in certain real property and that the plaintiff and the payee were closely associated, and, in fact, were joint adventurers in respect to real estate enterprises, in which the plaintiff furnished the money. On the other hand, the defendant's affidavit showed that he was persuaded to participate in a syndicate organized by the payee to take over and pay for plaintiff's interest in certain real property upon the express representation that other property, in which the defendant had invested money, had actually been sold at a large profit to the defendant, and the defendant also set forth facts which, if true, would show false representation by the payee to the effect that said real property had actually been sold at a large profit.

The defendant, having raised an issue as to the validity of the note, the burden was cast upon the plaintiff to prove that he is the holder in due course, under sections 94 and 98 of the Negotiable Instruments Law. The defense raises an issue of fact on that point, which is not settled by the mere affidavit of the plaintiff that he had no knowledge of any infirmity in the note, for the credibility of the plaintiff, who is an interested party, is for the consideration of the jury.

Since it appears that a triable issue was raised by the pleadings and the affidavits, it was error for the court to grant plaintiff's motion for summary judgment.

APPEAL by the defendant, Maurice Bandler, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of February, 1926, granting plaintiff's motion for summary judgment, and also from the judgment entered in said clerk's office on the same day in pursuance of said order.

*I. Maurice Wormser* of counsel [*I. Gainsburg* with him on the brief], for the appellant.

*A. Joseph Geist* of counsel [*Emanuel J. Freiberg* with him on the brief; *Burnstine & Geist,* attorneys], for the respondent.

FINCH, J. This is an application for a summary judgment — plaintiff succeeded at the Special Term — and from the order directing the entry of summary judgment, defendant appeals.

The plaintiff is suing upon a promissory note in the sum of $25,000 made by the defendant to the order of one S. M. Goldberg and which note, the complaint alleges, was indorsed and delivered by Goldberg to the plaintiff for value before maturity. The complaint further sets forth the usual allegations of due presentation for payment, refusal to pay and protest.

The answer denies the allegations as to delivery and consideration, and sets up three defenses, which so far as material allege the delivery of the note upon an express condition precedent that the defendant was not to become liable until the sale of certain real property, which sale was represented by the payee to be then pending, and that the note was not to be paid by the defendant from any source other than the profit to be realized on the sale; that as the sale was not consummated, the condition precedent never happened and, in violation of the agreement, the payee diverted the note from the purpose for which it was given; and that the plaintiff had due knowledge of the defect in the title of the note.

The second defense is like the first, except that it alleges that the note was not to have any legal force or effect until the prior consummation of the sale of the property referred to in the first defense and that this never took place and that there was no consideration for the note, of which plaintiff had knowledge. The one question, therefore, before the court is whether the affidavits set forth facts showing that there is an issue to be tried.

By the affidavits submitted in behalf of the plaintiff, it appears that the note in question was delivered by the defendant to Goldberg in payment of a participation by defendant in a purchase by Goldberg of plaintiff's interest in certain real property. In other words, Goldberg was raising moneys with which to pay plaintiff the purchase price to be paid by Goldberg for plaintiff's interest. Goldberg turned this note over to the plaintiff in part payment of such purchase money. It further appears from the affidavit of the plaintiff that the latter from time to time would furnish moneys to Goldberg with which to purchase an interest in various syndicates for the benefit of plaintiff and Goldberg under an agreement between Goldberg and the plaintiff. A copy of this agreement appears in

the record, and recites specifically that plaintiff and Goldberg were joint adventurers in respect of many real estate enterprises. It thus appears that in these joint ventures the plaintiff was furnishing the money and Goldberg the invitation or opportunity to participate.

The defendant in opposition to the motion for summary judgment swears that he was persuaded to participate in the syndicate organized by Goldberg to take over and pay for plaintiff's interest as aforesaid, upon the express representation that certain property in which the defendant invested $60,000 had actually been sold with a large profit to the defendant. That in the absence of such representation, defendant would not have participated and that the note was given upon the condition that it should not become a binding obligation unless and until said sale was consummated. Goldberg denies that such an arrangement was made, but does admit that he had arranged with the defendant that he would not discount the note at any bank. There is thus presented a square issue of whether the agreement alleged by the defendant existed, and there is some color lent to the defendant's contention by the admission of Goldberg that there was some kind of an agreement in reference to discounting the note. The defendant also sets forth facts which, if taken as true, would consist of a false representation that the Delray property had actually been sold and at a price which represented a large profit on the investment made by the defendant. The plaintiff urges that it was highly improbable that the defendant would deliver a note to Goldberg upon a condition that it should only become effective if a profitable sale of the Delray property had been consummated. No such improbability, however, is seen to exist since, when Goldberg reported to the defendant that large profits had been made by a resale of the Delray property, it would be a natural thing for the defendant to say that if such a sale should be finally consummated he would be willing to embark again in a similar venture. Moreover, the probabilities or improbabilities are for the consideration of the jury after the defendant has been afforded an opportunity to cross-examine the plaintiff and his witnesses upon the issues.

The plaintiff swears that if there was an agreement between the defendant and Goldberg affecting the validity of the note, plaintiff had no information thereof, and argues that the defendant has failed to show that he can prove such knowledge in the plaintiff. The defendant, however, having raised an issue as to the validity of the note, the burden is cast upon the plaintiff to prove that he is a holder in due course. (Neg. Inst. Law, §§ 94, 98; *Canajoharie National Bank* v. *Diefendorf*, 123 N. Y. 191, 206.) Whether the holder of a negotiable instrument, the validity of which has been put

in issue, is a holder in due course, presents an issue of fact for the jury. (*American Surety Co.* v. *Palmer*, 211 App. Div. 172.) In the case at bar the plaintiff being an interested witness, a jury would not be bound to accept his testimony that he did not have knowledge of a conditional delivery of the note if there was in fact such a conditional delivery. The jury might consider the testimony of the plaintiff in the light of all the transactions between the parties, including the close business relations between the plaintiff and Goldberg, and might reject the plaintiff's testimony of lack of knowledge even though such testimony were not directly contradicted. As was said by Mr. Justice GREENBAUM in *Vogel* v. *Pyne* (197 App. Div. 633, 637): " Where the determination of an important issue depends upon an interested witness whose testimony is suspicious or where the attendant circumstances are inconsistent with the conduct of a *bona fide* holder of the notes for value, it is for the jury to say, although there is no direct oral or written testimony contradictory of that given by such witness, whether his testimony is to be credited and whether he was a *bona fide* holder of the notes for value. (See *Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 191, 200; *Kelso & Co.* v. *Ellis*, 224 id. 528, 535, 537.)"

It thus appears that at least a triable issue was raised by the papers on the motion. This issue the defendant is entitled to have tried by a court and jury, and not determined summarily upon motion. As was said in *Hanna* v. *Mitchell* (202 App. Div. 504; affd., 235 N. Y. 534), in referring to the effect of rule 113 of the Rules of Civil Practice: " It is not the object of this rule to deprive any one who has a right to a jury trial of an issue of fact, but to require a defendant, when it is claimed that in fact he has no honest defense and no *bona fide* issue, to show that he has at least an arguable defense, that he has not merely taken advantage of a technicality in the form of pleading for the purpose of delaying the enforcement of an honest claim to which in fact he has no colorable defense. The court does not try the issues but ascertains whether in fact there is an issue."

It follows that the judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.