MCDONALD v. STAPLES.

1. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT.
   Summary judgment may not be entered where issue as to a material fact is raised by the pleadings and affidavits.

2. BILLS AND NOTES—CORPORATIONS—STOCK AND STOCKHOLDERS.
   Promissory note, given by an incorporator in part payment of shares of stock issued, but not delivered, to him *held*, valid, where act under which corporation was formed provided that such stock should not be delivered until the notes were fully paid (Act No. 327, § 21, Pub. Acts 1931).

3. SAME—PROMISSORY NOTES—DEFENSES.
   Breach of alleged agreement between defendant and another, incorporators of corporation of which plaintiff was appointed receiver on petition of its judgment creditor, *held*, no defense to action by receiver on promissory note given in part payment of stock.

4. SAME—TITLE—PRESUMPTION.
   Promissory note, given in part payment of stock by an incorporator to whom stock was not delivered, found in safety deposit box of corporation, presumably belonged to corporation (Act No. 327, § 21, Pub. Acts 1931).

5. CORPORATIONS—RECEIVERS—CAPITAL ASSET—PROMISSORY NOTE— SUMMARY JUDGMENT—ASSUMPSIT.
   Plaintiff, receiver of corporation, who came into possession of a note running to corporation and given in part payment of stock may sue in assumpsit thereon and be entitled to summary judgment, since the note was a capital asset of the corporation, it having been accepted in part payment and articles of association stated, in effect, that the amount for which stock had been sold was paid in (Act No. 327, § 21, Pub. Acts 1931).

6. JUDGMENT—ASSUMPSIT—SUMMARY JUDGMENT—CORPORATIONS.
   In action of assumpsit by receiver of a corporation, appointed on petition of a judgment creditor, on promissory note running to corporation and given it in part payment of stock by

defendant, an incorporator who signed contract upon which
creditor obtained judgment, plaintiff *held*, entitled to summary
judgment where no issue as to a material fact was presented.

Appeal from the Superior Court of Grand Rap-
ids; Taylor (Thaddeus B.), J.   Submitted April 5,
1935.   (Docket No. 82, Calendar No. 38,142.)   De-
cided May 17, 1935.

Assumpsit by John D. McDonald, receiver of Eve-
lyn Carlyle, Inc., a Michigan corporation, against
Loren J. Staples on a promissory note.   Summary
judgment for plaintiff.   Defendant appeals.   Af-
firmed.

*Dunham & Sherk,* for plaintiff.

*Anthony M. Swarthout,* for defendant.

NELSON SHARPE, J.   The plaintiff, as receiver of
Evelyn Carlyle, Inc., a corporation, brought this
action to recover from the defendant on a promis-
sory note, reading as follows:

"Grand Rapids, Mich., November 4, 1931.
"On demand I promise to pay to the order of
Evelyn Carlyle, Inc., One Thousand ———Dollars,
with interest at 6 per cent. after demand.   Value re-
ceived.   Payable at Grand Rapids Savings Bank.
                              "LOREN J. STAPLES."

In his answer defendant denied the right of plain-
tiff to recover on the note for a number of reasons
stated therein.   On October 2, 1933, plaintiff filed
a motion for summary judgment.   The undisputed
facts, as disclosed by the pleadings and the affidavits
filed, may be summarized as follows:

The articles of association of Evelyn Carlyle, Inc.,
filed with the Secretary of State on November 6,

1931, under Act No. 327, Pub. Acts 1931 (the corporation code), were signed by the defendant as one of the incorporators thereof. It was stated therein that the "amount of paid-in capital is $25,-000." The defendant subscribed for 480 shares of the stock, and the note in question was given by him in part payment therefor. As treasurer of the corporation he gave a written order for certain advertising of the corporation which, being unpaid, was reduced to a judgment and the plaintiff appointed a receiver on petition of the plaintiff in that action as a judgment creditor. The receiver was unable to discover any assets of the corporation except a safety deposit box in the vault of the Michigan Trust Company, kept in the name of the corporation. He secured an order from the chancery court which appointed him to open such box and notice thereof was given to the defendant; and, when opened, the note sued upon was found therein and he took possession thereof.

The defense is based upon the averments in the affidavit of the defendant that the note sued upon was given for shares of stock in the corporation, contrary to the provisions of section 21 of the act, and is void; that the consideration therefor has failed, as no stock was issued therefor and none accepted by him; that the note was never delivered to the corporation, but was left in the safety deposit box in escrow, to be opened in the presence of Evelyn Carlyle and himself; that as a part of the consideration for said note Evelyn Carlyle agreed that defendant should have the business management of the corporation, but that before any stockholders' meeting was held she "assumed to dictate the entire business management of the corporation," and excluded him therefrom; that no legal shareholders'

meeting, or meeting of the board of directors, of the corporation was ever held, and that it has never functioned.

An affidavit of his attorney, attacking the validity of the proceedings in the chancery case in which the plaintiff was appointed receiver, was also filed.

The trial court filed an opinion, in which he stated that the note in question was given by the defendant in payment of shares of stock in the corporation issued to him; "that the articles of association recite payment and list said note as cash;" that it became a capital asset of the corporation, passed to plaintiff as receiver, and that he was entitled to recover on it. A judgment was entered for the amount of the note and interest thereon, from which the defendant has taken this appeal.

The question presented is whether an issue as to a material fact is raised by the pleadings and affidavits. If so, a summary judgment should not have been entered. *Baxter* v. *Szucs,* 248 Mich. 672; *Cass* v. *Washington Finance Co.,* 263 Mich. 440; *Dempsey* v. *Langton,* 266 Mich. 47.

There is no merit in the claim that a note given for shares of stock is void. Section 21 of the act under·which Evelyn Carlyle, Inc., was incorporated provides that shares of stock may be issued for which promissory notes are given, but that the stock shall not be delivered until the notes are fully paid. The note in question. having been given to the corporation in payment of stock issued to the defendant, may he rely in defense thereto upon an agreement alleged to have been made between himself and Evelyn Carlyle, another stockholder, that he should have the business management of the corporation, and its breach by her? We think not. The note was found in the safety deposit box of the

corporation, and presumably belonged to it. Evelyn Carlyle may be liable to him for any damage he sustained by reason of her breach of agreement, but the assets of the corporation are not affected thereby.

Counsel for defendant also contends that the note "evidenced a stock subscription agreement and that plaintiff has taken none of the requisite steps preliminary to recovering for unpaid corporate stock subscriptions." He relies upon the rule as stated in 14 C. J. p. 1085, that "in the absence of a contrary statutory provision, an action in equity is the proper remedy in behalf of a creditor to reach unpaid stock subscriptions."

The articles of association stated, in effect, that the amount at which the stock had been sold was paid in. This action is not upon unpaid stock subscriptions, but upon a note of the defendant which he admits was given in part payment of the stock to which he was entitled. The note was accepted by the corporation as payment and deposited by it in its safety deposit box in the trust company, and when turned over to the plaintiff as receiver of the corporation it became a capital asset in his hands; a debt, due by the defendant to the corporation, which it was the receiver's duty to collect and distribute the proceeds thereof among the creditors entitled thereto. No issue as to a material fact was presented.

The judgment is affirmed.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.