AMERICAN EMPLOYERS' INS. CO. *v.* H. G. CHRISTMAN & BROS. CO.

1. Appeal and Error—Motion for Summary Judgment—Decisive Question.

   On plaintiff's appeal in action for sums due under an indemnity agreement in which defendants had interposed a motion for summary judgment, the decisive question is whether latter were entitled to a judgment as a matter of law without deciding any controverted issue of fact (Court Rule No. 30, § 7 [1933]).

2. Corporations—Presence of Seal—Presumption of Authorized Execution of Contracts.

   In the absence of a clear showing that a corporate seal was not affixed by someone authorized to do so, the statutory inference arising from its presence that the execution of the contract was authorized is sufficient to take the question of such authority to the jury (3 Comp. Laws 1929, § 14203).

3. SAME — INDEMNITY CONTRACTS — EXECUTION — SEAL — SUMMARY JUDGMENT—SUFFICIENCY OF AFFIDAVITS.

On appeal from summary judgment for corporate defendant in action of assumpsit on an indemnity agreement, categorical denials of actual signers of such agreement that execution was authorized, which were contained in the signers' affidavits in support of defendant's motion for summary judgment, *held*, not to conclude issue as to whether execution of agreement was duly authorized, where it appears that both the agreement and claimed resolution of defendant's board of directors authorizing it bore the corporate seal, there is evidence that defendant's president subsequently ratified it, and defendant had authorized other indemnity contracts and lent its credit to companies dominated by the same person, from which it may be inferred that the indemnity contract in question was entered into as a part of the business ordinarily engaged in though possibly not specifically within its powers (3 Comp. Laws 1929, § 14203).

4. SAME—OFFICERS—RATIFICATION OF CONTRACTS.

An officer who has authority to execute an indemnity contract on behalf of a corporation has authority to ratify its execution by parties who had no such authority.

5. JUDGMENT—SUMMARY JUDGMENT—QUESTION FOR JURY—AGENCY OF CORPORATE OFFICERS.

Defendant corporation *held*, not entitled to summary judgment in action of assumpsit on contract of indemnity where record contains sufficient evidence to raise a question of authority and ratification upon which reasonable men might differ as, under such circumstances, even if the facts were undisputed, the question of agency is one for the jury.

6. CORPORATIONS—ARTICLES—ULTRA VIRES—BURDEN OF PROOF.

Defendant corporation's burden of proving special defense of *ultra vires held*, not sustained on plaintiff's appeal from summary judgment for defendant in assumpsit action on indemnity agreement where defendants failed to show what the objects and purposes of the corporation were and its articles authorized it ''to advance money or credit or become surety or guarantee * * * in connection with or in furtherance of the interests of the corporation.''

7. SAME—ULTRA VIRES—BURDEN OF PROOF.

Burden of proof under defense of *ultra vires* is on defendant corporation.

8. SAME—ULTRA VIRES—INDIANA LAW—ESTOPPEL.

Defense of *ultra vires* not being available to corporation when other party to the contract has acted in reliance thereon under law of Indiana, the situs of defendant corporate indemnitor, trial court *held,* in error in entering summary judgment in surety's action against indemnitor where surety had executed bond for a company dominated by the same person as dominated defendant corporation, undoubtedly induced in part by indemnity agreement in question.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 19, 1938. (Docket No. 126, Calendar No. 39,803.) Decided April 4, 1938.

Assumpsit by American Employers' Insurance Company, a Massachusetts corporation, against H. G. Christman & Brothers Company, an Indiana corporation, and Howard Emmons, receiver of H. G. Christman & Brothers Company, for sums due on an indemnity agreement. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Mason, Davidson & Mansfield,* for plaintiff.

*Shields, Ballard, Jennings & Taber* and *Hammerschmidt & Johnson,* for defendants.

BUSHNELL, J. Sometime in May of 1932 defendant receiver, Howard Emmons, then an auditor of defendant H. G. Christman & Brothers Company, an Indiana corporation, and in charge of the accounting for H. G. Christman Company, another Indiana corporation, requested plaintiff's agent, John H. Lloyd, then doing business in South Bend, Indiana, as Lloyd Insurance Agency, to secure a construction bond for the H. G. Christman Company. The latter company required a bond in the penal sum of $331,000, run-

ning to the United States of America, in connection with the construction of the veterans' administration hospital at Des Moines, Iowa. Lloyd made inquiry as to the possibility of plaintiff, the proposed surety on the bond, being indemnified by defendant H. G. Christman & Brothers Company, and, relying largely on information furnished by Emmons, he investigated the ownership and financial structure of these two companies and others similarly held.

An agreement of indemnity was executed on or about June 21, 1932, in the name of H. G. Christman & Brothers Company, by Emmons and Julius B. Christman, who was vice-president of both the indemnitor and obligor corporations. Lloyd forwarded the agreement to plaintiff, together with a certified resolution furnished him at his request by Emmons, purporting to authorize the execution of the contract. These were returned by plaintiff to Lloyd with instructions to have the contract and resolution impressed with the seal of defendant corporation. Lloyd then delivered these instruments to Emmons, who re-delivered them, sealed, to Lloyd on or about July 15, 1932. The required bond was thereafter executed by plaintiff. Plaintiff claims that it has been required to respond on the bond in a sum in excess of $100,000, and seeks judgment against defendant corporation under the indemnity agreement.

Defendant corporation, in its answer, denied that it entered into the indemnity agreement and averred that such agreement was not authorized by its board of directors nor were its officers or agents authorized to execute the same; that the persons purporting to have signed such agreement were neither its officers, agents or representatives, et cetera. It gave notice of certain special defenses, to which reply was made

by plaintiff. Defendants thereafter filed a motion for a summary judgment, supported by the affidavits of Emmons and J. Fred Christman, secretary of defendant corporation, in which they stated, in substance, that the indemnity contract was never authorized by the board of directors of the defendant corporation, that its execution by Emmons and Julius B. Christman was outside the scope of their powers, and that its performance did not result in any benefit to the defendant corporation. These affidavits were met by counter-affidavits of Lloyd and others in behalf of plaintiff and depositions were taken and submitted to the court.

The trial judge determined that "the material averments in defendant's affidavits" were not controverted; that "the facts set forth in plaintiff's affidavits" were "not such as to justify a finding of either express or implied ratification" by defendant corporation; and he was of the opinion that, if the case were tried before a jury and the proofs were limited to the matters of fact set up in the affidavits of the parties, "defendant would be entitled to a directed verdict as a matter of law." The court, therefore, granted defendants' motion for a summary judgment.

The decisive question before us on plaintiff's appeal is whether defendants were "entitled to a judgment as a matter of law, without deciding any controverted issue of fact." Court Rule No. 30, § 7 (1933). See, also, *Dempsey* v. *Langton*, 266 Mich. 47; *McDonald* v. *Staples*, 271 Mich. 590; and *Maser* v. *Gibbons*, 280 Mich. 621.

We are unable to agree with the conclusions of the trial court because we find:

First. From the affidavits and depositions a question of fact was raised as to the authority of Julius

B. Christman and Howard Emmons to execute the indemnity agreement.

Defendants contend, and it may be true, that the claimed resolution attached to the indemnity agreement was never adopted by the board of directors of defendant company. There is evidence, however, that there was attached thereto, and to the agreement itself, the corporate seal of the company. 3 Comp. Laws 1929, § 14203 (Stat. Ann. § 27.898), provides:

"Any corporation * * * may have a common seal which it may alter at pleasure, and such seal affixed to any instrument purporting to be executed by any such corporation, * * * shall be *prima facie* proof of the due adoption of said seal, and that it was affixed to said instrument by due authority, and that said instrument was in fact lawfully executed by such corporation."

The record indicates that, while defendant corporation's articles intrusted the secretary with custody of the corporate seal, it was in fact kept by Howard Emmons. However, it does not appear whether he or someone else affixed the seal to the indemnity contract. At least, in the absence of a clear showing that the seal was not affixed by someone authorized to do so, the statutory inference, arising from the presence of the seal, that the execution of the contract was authorized, is sufficient to take the question of such authority to the jury. (3 Comp. Laws 1929, § 14203.) See, also, *Gray* v. *Waldron,* 101 Mich. 612, and *Gould* v. *W. J. Gould & Co.,* 134 Mich. 515 (104 Am. St. Rep. 624, 2 Ann. Cas. 519). We do not believe that the interested (though categorical) denials of J. Fred Christman and Howard Emmons that the execution of the contract was authorized conclude the issue.

Second. There was evidence to show that, if Emmons and Julius B. Christman were not authorized in the first instance, their acts were subsequently ratified by the late H. G. Christman, then president of the two companies. The record discloses that Henry G. Christman was the moving spirit of both companies; that whatever he did was satisfactory to the other members of defendant company's board of directors, and that they acquiesced in his management of its affairs.

It also appears that defendant corporation authorized other indemnity contracts and frequently lent its credit to other Christman companies. It can be inferred from this evidence that H. G. Christman had power to enter into the indemnity contract in question as a part of the business ordinarily engaged in, though possibly, not specifically within the powers of the defendant corporation. *Walker* v. *Railway Co.,* 47 Mich. 338; *Constantine* v. *Kalamazoo Beet Sugar Co.,* 132 Mich. 480; *Cope-Swift Co.* v. *John Schlaff Creamery Co.,* 223 Mich. 543; *Talbot & Meier* v. *Board of Education, District No. 1, Fractional, Plymouth Township,* 250 Mich. 625.

While H. G. Christman did not personally execute the indemnity contract in question, there was written evidence that he ratified its execution by Emmons and Julius B. Christman. Plaintiff produced letters from both Christman companies, written by H. G. Christman, their president, on which appear their corporate seals, and which letters, it is claimed, ratified and affirmed the acts of Howard Emmons. Moreover, Emmons stated in his deposition that Henry G. Christman "knew eventually that the contracts of indemnity had been executed by the Christman Bros. Company," and there is no evidence that Henry G. Christman ever denied, during his life-

time, the validity or binding character of the contract.

If H. G. Christman had authority to execute the indemnity contract on behalf of the corporation, he could ratify its execution by Howard Emmons and Julius B. Christman even though they had not been authorized in the first instance so to bind the corporation. *Cascarella* v. *National Grocer Co.,* 151 Mich. 15, 19.

Viewing the record in its entirety, there is sufficient evidence within its covers to raise a question of authority and ratification upon which reasonable men might differ. Under such circumstances, even if the facts were undisputed, the question of agency is one for the jury. See *Randall* v. *J. A. Fay & Egan Co.,* 158 Mich. 630; *Hunt* v. *Stromberg Motor Devices Co.,* 215 Mich. 483.

Defendants claim further that the record shows conclusively that the indemnity contract was *ultra vires* and, therefore, unenforceable.

Defendant corporation's articles empower it:

"To advance money or credit or become surety or guarantee  *  *  *  *in connection with or in furtherance of the interests of this corporation.*"

There is no showing by defendants what the object and purposes of the defendant corporation were; hence it cannot be said, as a matter of law, that the indemnity contract was not "in connection with or in furtherance of the interests of this corporation." The burden of proof of the special defense of *ultra vires* was on defendant company. See *Blackwood* v. *Lansing Chamber of Commerce,* 178 Mich. 321; *Loupee* v. *Railroad Co.,* 243 Mich. 144; and *Willard* v. *Shekell,* 236 Mich. 197.

Moreover, under Indiana law, the defense of *ultra vires* is not available to the corporation when the

other party to the contract has acted in reliance thereon. *Breinig* v. *Sparrow,* 39 Ind. App. 455 (80 N. E. 37). In the instant case, the execution by plaintiff of the bond as surety for the H. G. Christman Company was doubtless induced in part by the indemnity agreement in question.

The trial court was in error in determining that the affidavits and deposition did not raise a material question of fact to be determined by the court or jury.

The summary judgment must be vacated and the cause remanded for further proceedings not inconsistent herewith, with costs to appellant. It is so ordered.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.