CLAIR et al. v. SEARS ROEBUCK & CO.

No. 277.

District Court, W. D. Missouri, W. D.
July 22, 1940.

C. W. Prince, of Kansas City, Mo., for plaintiff.

Thos. E. Scofield, of Kansas City, Mo., for defendant.

REEVES, District Judge.

On motion to dismiss and for summary judgment under Rule 56, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, defendant seeks dismissal of this action upon several alleged grounds. It avers that:

(a) The plaintiff's delay in bringing the suit with knowledge of the facts precludes recovery.

(b) As to one of the patents an adjudication of invalidity between the plaintiffs and another alleged infringer is binding in this case.

(c) Upon the allegations of the pleadings, supplemented with affidavits and bills of particulars, the plaintiffs are not entitled to recover.

These will be noticed.

1. The statements contained in the pleadings with other facts supplied by a bill of particulars and an affidavit do not preclude plaintiffs, as a matter of law, from recovering on the grounds of laches. While it may be true that the plaintiffs are not entitled to recover because of laches, yet nevertheless it is the duty of the court to await the proofs. After hearing all the facts it can then be determined whether plaintiffs should be denied recovery because of unwarranted delay.

2. The adjudication of invalidity was between the plaintiffs and another alleged infringer. Under the authorities this does not constitute a final adjudication of invalidity so as to bind the plaintiffs from asserting infringement by other parties. If the facts are the same, the ruling in the other case would be persuasive, yet, as stated, that case, as well as this, being actions in personam would not be conclusive.

3. The facts established upon the record, as now made up, would not warrant a decree for the defendant under Rule 56 of the Rules of Civil Procedure. Moreover, a summary judgment upon motions of this character should never be entered, save in those cases where the movant is entitled to such beyond all doubt. The facts conceded should show with such clarity the right to a judgment as to leave no room for controversy or debate. They must show affirmatively that plaintiff would not be entitled to recover under any and all circumstances. They do not do that in this case.

In view of the above, the several motions will be overruled and the case will be set down for trial in course.

It will be so ordered.