201 P.2d 775

**AGNEW v. LIBBY et al.**

No. 5146.

Supreme Court of New Mexico.

Jan. 6, 1949.

Adams and Chase, of Albuquerque, for appellant.

Wilson and Whitehouse and William Y. Wilson, all of Albuquerque, for appellees.

LUJAN, Justice.

This is an appeal from a summary judgment granted the defendants by the trial court.

The plaintiff (appellant) alleges that the defendants carelessly and negligently burned and destroyed a three room fur-

·nished cottage belonging to him, located at Cedar Crest, New Mexico.

The defendants (appellees) filed a general denial, followed by a motion for summary judgment under Rule 56 of the Rules of Civil Procedure, 1941 Comp. § 19-101 (56).

Supporting and opposing affidavits were filed by the respective parties, also a deposition of the plaintiff. The affidavit of Mary Libby, one of the defendants, states that immediately prior to their departure on November 1, 1947, at approximately 7:30 o'clock in the forenoon, on the day of the fire, she personally shut off completely both the kerosene cook stove and the space heater in the cottage, and that she took with her their electric iron.

The plaintiff by affidavit states that at the time he first saw the fire, the flames were on the south wall about half way between the top of the wall and the ground and were coming from inside the house; that there was no other fire anywhere near the cottage; that there was a kerosene cook stove inside the cottage next to the wall where he first saw the fire; that no other part of the cottage was burning at that time; that defendants had left the cottage early in the morning prior to the fire and had locked the doors, and they were still locked at the time of the fire; that after the fire, the defendant, Mary Libby, told him that after she and her husband had left the cottage on the morning

of the day on which the fire occurred, she became worried as to whether or not she had turned the burners off on the kerosene stove or had turned off the electric iron.

An examination of the pleadings, affidavits and deposition shows that there is a genuine issue as to a material fact, namely, negligence of the defendants, which for the purposes of this appeal shall be taken as provable, as the benefit of reasonable inferences to be drawn therefrom must be given to the plaintiff, and any doubt existing as to the right of summary judgment should be resolved against the moving parties. Fairchild v. United Service Corp., 52 N.M. 289, 197 P.2d 875; Boerner v. United States, D.C., 26 F.Supp. 769; Clair v. Sears Roebuck & Co., D.C., 34 F.Supp. 559; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101; Maryland Casualty Co., v. Sparks, 6 Cir., 76 F.2d 929; McDonald v. Staples, 271 Mich. 590, 261 N.W. 86; Agress Const. Co. of Brooklyn v. Jurgens, 128 Misc. 12, 217 N.Y.S. 204. An issue of fact was raised which was not determinable by conflicting affidavits. As was said in Karpas v. Bandler, 218 App. Div. 418, 218 N.Y.S. 500, 503:

"It thus appears that at least a triable issue was raised by the papers on the motion. This issue the defendant is entitled to have tried by a court and jury, and not determined summarily upon motion."

In Hanna v. Mitchell, 202 App.Div. 504, 196 N.Y.S. 43, 54, affirmed 235 N.Y. 534, 139 N.E. 724, the court said:

"It is not the object of this rule to deprive any one who has a right to a jury trial of an issue of fact, but to require a defendant, when it is claimed that in fact he has no honest defense and no bona fide issue, to show that he has at least an arguable defense; that he has not merely taken advantage of a technicality in the form of pleading for the purpose of delaying the enforcement of an honest claim to which in fact he has no colorable defense. The court does not try the issues, but ascertains whether in fact there is an issue."

▮▮ The obvious purpose to be served by the rule is to hasten the administration of justice and to expedite litigation by avoiding needless trials and to enable one promptly to obtain a judgment by preventing the interposition of frivolous defenses for purpose of delay. It provides a method whereby it is possible to determine whether a genuine cause of action or defense thereby exists and whether there is a genuine issue of fact warranting the submission of the case to a jury.

It follows that the judgment should be reversed, with costs to plaintiff, and the case remanded for trial on the merits, and it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.