312 P.2d 537

K. H. WALKER, Plaintiff-Appellee,

v.

Fred SALOME, Defendant-Appellant.

No. 6184.

Supreme Court of New Mexico.
May 14, 1957.

Rehearing Denied July 3, 1957.

W. A. Sutherland, Las Cruces, for appellant.

Garland & Sanders, Las Cruces, for appellee.

SADLER, Justice.

The defendant (appellant) complains of a money judgment rendered against him by

the district court of Dona Ana County for the return of $1,000, earnest money, theretofore paid him by plaintiff under a contract for the purchase of certain real estate in the performance of which the defendant as a seller was said to have defaulted. The cause was tried on plaintiff's motion for summary judgment, to which were attached the affidavit of plaintiff, the affidavit of one Mike Simon and a copy of the judgment in cause No. 13,539 on the civil docket of the district court of Dona Ana County, wherein the present defendant was a plaintiff and the said Mike Simon was a defendant.

The complaint in the cause alleged the parties had entered into the real estate purchase contract under date of September 3, 1954, by the terms of which the defendant was to sell and convey to the plaintiff 85 acres of land known as the Salome Farm in Dona Ana County, New Mexico, for the agreed price of $58,000; that plaintiff would pay $1,000 earnest money on the contract and defendant would give possession of the land on or before January 10, 1955. A copy of the contract marked Exhibit "A" was attached to the complaint and made a part thereof.

The complaint alleged the payment by plaintiff to defendant of the $1,000 earnest money provided for in the contract. It further alleged the defendant had failed and refused to surrender possession of the land within the time provided for in the contract following demand by the plaintiff; that on or about the 18th day of January, 1955, plaintiff discovered the defendant had entered into a contract or lease agreement, covering the same land plaintiff was purchasing, running five years from January 1, 1951, and ending January 1, 1956; that in the circumstances the defendant could not and did not deliver possession of the land as agreed in the contract.

A copy of the above mentioned lease agreement between defendant and Michael M. Simon, his lessee, was attached as Exhibit "B" and made a part of the complaint. It was further alleged that in a certain cause entitled Fred Salome and Ada Salome, plaintiffs, v. Michael M. Simon, No. 13,539 on the docket of the district court of Dona Ana County, a judgment had been entered in favor of defendant declaring said lease agreement to be in full force and effect and would not terminate until January 1, 1956. A reference to said cause and the judgment therein entered was set forth in the complaint and the files and judgment made part of the complaint in this cause.

Thereafter, said the complaint, and shortly after January 18, 1955, plaintiff informed defendant of the outstanding lease and demanded repayment from the defendant of the sum of $1,000 which he refused to return, by reason whereof the plaintiff claimed the right to judgment against him for that amount.

The defendant answered admitting execution of the contract, Exhibit "A" attached to the complaint; also admitting payment of the $1,000 earnest money as alleged and entered a general denial to the remaining allegations of the complaint. In a so-called "Further and Amended Second Further Answer," the defendant renewed his admission of the execution of the real estate contract; alleged that on an unnamed date in October, 1954, and other occasions before January 10, 1955, the plaintiff had advised the defendant that he, the plaintiff, was unwilling and unable to comply with the contract and did not intend to carry out the same. The answer further alleged that plaintiff had never offered to comply with the terms of the contract, had never called upon defendant to deliver possession of the premises and had failed to execute the mortgage called for in the contract, completely abandoning and repudiating the same, all prior to January 10, 1955.

The defendant also had attached as a part of said answer an amended cross-action by defendant, to be mentioned later, in which he sought damages of $2,500 from plaintiff for breach of the contract. Plaintiff's answer to the cross complaint denied all of its material allegations and renewed the prayer of his complaint for judgment in the sum of $1,000.

Thereafter, and on February 11, 1956, the plaintiff filed in the cause his motion for summary judgment, the material portions whereof read, as follows:

"That, based upon Plaintiff's Complaint, Defendant's Answer thereto, the exhibits attached to Plaintiff's Complaint, the Affidavit and Exhibit attached to this Motion, and the files, pleadings and papers on file herein, there is no genuine issue as to any material fact, and that Plaintiff is entitled to a judgment as a matter of law.

"That pursuant to what is denominated the 'Texas Contract of Sale' dated September 3, 1954 between Plaintiff and Defendant, copy of which is attached to Plaintiff's Complaint in this cause, and the admission contained in Defendant's Answer, the Defendant received from the Plaintiff the sum of One Thousand ($1,000.00) Dollars as earnest money and has failed to return the same to the Plaintiff.

"That, as shown by the copy of Judgment attached to this Motion in Cause No. 13539 on the Docket of the District Court in Dona Ana County, New Mexico, the Defendant could not sell, convey, and deliver possession to Plaintiff on January 10, 1955, the land described in said Texas Contract of Sale to the Plaintiff, as agreed in said Contract; that Defendant, in his Answer, admits the execution of said Contract and the receipt of said money, and that the re-

tention of said money by the Defendant would constitute an unjust enrichment of Defendant; and that no good cause has been shown by Defendant why he should not return said $1,000.00 to Plaintiff.

"Wherefore, Plaintiff prays that a Summary Judgment may be had and entered herein in his favor."

The court after a hearing on the motion granted the prayer thereof and rendered judgment for the plaintiff for a return of the earnest money he had paid the defendant in connection with the purchase contract theretofore executed. We are unable to see how he could have done otherwise. The admitted facts compelled such a judgment.

There was no dispute about the fact that plaintiff had paid defendant the sum of $1,000, as earnest money to be applied on the purchase. The defendant admitted receiving it and also admitted signing the contract. The agreed purchase price was $58,000. The sum of $8,000, of which the earnest money was a part, was to be paid in cash. This left a balance due of $50,000, of which the amount of $8,000 was to be taken care of by the assumption of a Federal Land Bank Mortgage in that amount. This left a balance of $42,000 to be payable in installments of $2,500, annually, to be evidenced by promissory notes dated January 2, 1955, signed by purchaser and wife, payable to seller, maturing in consecutive order, annually, beginning January 10, 1956, and secured by a mortgage lien on the property.

The contract also called on the defendant, as seller, to furnish a title guaranty policy, or abstract certified to date, showing a good and merchantable title in seller. In addition, the contract bound the defendant to deliver the purchaser, the plaintiff, a deed on or before January 10, 1955, possession to be given purchaser on the same date, to wit, January 10, 1955, on closing the deal. The balance of cash payment of $7,000 was payable at this time, also, and execution and delivery of notes and mortgage to take place simultaneously.

There was no doubt about the existence of the outstanding lease, continuing throughout the calendar year of 1956 and the defendant does not, and did not, deny its existence. This, of course, absolutely precluded the defendant from delivering possession of the premises on the date promised, or at any time during the 1956 cropping season. Counsel for defendant takes the position that because the plaintiff did not know of this outstanding lease at the time he, the plaintiff, informed him he did not expect to fulfill the contract, he may not rely upon that fact to let him out of the contract. He forgets, however, that the contract called upon defendant to furnish a title guaranty policy, or current abstract, preliminary to the closing of the contract on or before January 10, 1955, when the

12

purchase contract would be closed by an exchange of the deed for $7,000, balance of cash payment, and the $42,000 in notes and mortgage. So far as the data before the court in his ruling on the motion was concerned, consisting of the pleadings, affidavits, and court files in cause No. 13,539, wherein the existence against defendant of the outstanding lease overlapping the purchase contract was established, the plaintiff's action in declining to go on with the purchase contract was fully justified.

The position of defendant is technical, to say the least. It involves a question of timing. He says, it is true, I was unable to perform, to furnish marketable title, when you claimed the right to back out of the contract. Although, I made no tender of an abstract or title policy, nor of a deed, the failure to do which under ordinary conditions would give you the right to decline performance, your broad claim of right so to do, cannot avail you because when you put it forward you did not know of the cardinal defect in my title which would give you the right you claim.

In other words, there emerges from the facts, a decisive one, which defendant must admit and will not deny, as the pleadings disclose, namely, that defendant contracted to sell plaintiff land and convey a marketable title which he did not have because of the outstanding lease with a year to run. He was to deliver possession January 10, 1955.

He could not do so before January 1, 1956. The mere fact, plaintiff did not know of this when he informed defendant his title was bad, does not make it good. This consideration alone, laying aside other grounds of justification advanced by plaintiff in support of his position, supports the trial court's action on the motion. See, Rule 56(a), being 1953 Comp., § 21–1–1. Also, 6 Moore's Federal Practice 2028, § 56.04. Compare, Agnew v. Libby, 53 N.M. 56, 201 P.2d 775.

The conclusions reached render unnecessary a consideration of defendant's cross-complaint. If plaintiff rightfully recovered the earnest money, there is no merit in defendant's cross-complaint.

Finding no error the judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and KIKER, JJ., concur.