**GEPHART, Plaintiff-Appellant, v. RIKE-KUMLER CO., Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2383.   Decided November 29, 1956.

White, Jacobson & Smallwood, Dayton, By Raymond A. White, of Counsel, for plaintiff-appellant.

Landis, Ferguson, Bieser & Greer, Dayton, By Warren A. Ferguson, of Counsel, for defendant-appellee.

**OPINION**

By THE COURT:

This is an action for personal injuries sustained by the plaintiff-appellant, who alleged that she was burned while receiving a cold wave permanent at the hands of one of defendant-appellee's employees in said defendant's beauty salon.   The allegations pertinent to the issues presented are set forth in the amended petition as follows:

"Plaintiff further says that the equipment used was under the sole and exclusive control of Defendant's agent and employee, that the Defendant's agent and employee used a preparation and solution called Willat Dynacurl Cold Wave Lotion; that the Defendant's agent spilled the solution on the Plaintiff's face, neck and forearms.

"Plaintiff further says that about six hours after the administration of the cold wave treatment by the Defendant's agent, red blotches appeared on her face, neck and forearms; that on the following day, June

4th, 1953, the aforementioned red blotches, in the form of Contact Dermatitis, were more prominent on her face, neck and forearms and that this condition remained for a period of three weeks and receded on or about June 26, 1953; that from June 5, 1953, her left eye was swollen and discolored.

Plaintiff further says that the injuries were directly and proximately caused by the negligent acts and omissions of the Defendant's agent in the following respects, to wit:

(1) In failing to use any protective means before applying the aforementioned solution to the person of the Plaintiff.

"(2) In spilling the aforementioned solution on the face, neck and forearms of the Plaintiff.

"(3) In the using of a preparation and solution which burned the Plaintiff.

"As a direct and proximate result of the negligence of the Defendant's agent, Plaintiff suffered burns about her face, neck and forearms, pain and suffering, embarrassment and ridicule that she has been nervous as a result thereof."

The answer of the defendant admits administering a cold wave permanent to the plaintiff as alleged, and that after the treatment the plaintiff developed "some dermatitis about the face, neck and other parts of her body. Further answering the defendant denies each and every other allegation of the amended petition, especially all allegations of negligence charged against defendant or against its employee."

A jury trial was had which resulted in a general verdict for the defendant. Also, the following interrogatories and answers were returned:

"(1) Was the defendant's employee, Mrs. Eastman, negligent?

"Answer: No.

"(3) Was Mrs. Gephart's condition due to an allergic reaction to some of the solutions used in giving the permanent wave?

"Answer: Yes."

The record reveals that the plaintiff offered proof tending to establish the claims of negligence set forth in the petition and that a motion for a directed verdict was overruled at the close of the plaintiff's case. The defendant then offered evidence to establish that the plaintiff was allergic to some of the chemicals contained in the solutions used, which was the sole cause of the plaintiff's condition.

The court refused to instruct the jury on the doctrine of "res ipso loquitur," upon being requested to do so by counsel for the plaintiff, which refusal forms the basis for the first assignment of error. We are of the opinion the court did not err in refusing the request, for the record discloses facts upon which it could be inferred that plaintiff's injuries were caused by her own allergy in addition to any facts which might permit an inference that the defendant's operator was negligent. This evidence was insufficient to do more than raise a possible inference but it was sufficient to convince the jury that the plaintiff's injury was in fact caused by her own allergy as found in answer to Interrogatory No. 3.

"**Res ipsa loquitur** is a rule of evidence which permits, but does not

require, the jury to draw an inference of negligence in a case where the instrumentality causing injury is shown to have been within the exclusive control and management of the defendant, and where the circumstances attending the injury were of such a character in themselves as to warrant the conclusion that a lack of ordinary care on the part of the defendant was responsible for the occurrence or condition causing the injury." **Renneckar v. The Canton Terminal Restaurant, 148 Oh St 119.**

The evidence presented here does not disclose circumstances attending the injury were of such a character as to warrant the only conclusion that a lack of ordinary care on the part of the defendant was responsible for the condition causing the plaintiff's injury. It could have been caused by either of two conditions: (1) Defendant's negligence, or (2) Plaintiff's allergy.

In **Loomis v. Toledo Rys. & Lt. Co., 107 Oh St 161,** the court says at page 170:

" 'Where all the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the injury, but show a state of affairs from which an inference could as reasonably be drawn that the accident was due to a cause or causes other than the negligent act of defendant, the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances, nor is the defendant called upon to explain the cause of the accident or purge itself of the inferential negligence. The doctrine of **res ipsa loquitur** does not apply in such case.' McGrath v. St. Louis Transit Co., 197 Mo., 97."

Also, in **Farina v. First National Bank, 72 Oh Ap 109,** the court says at page 115:

"The **res ipsa loquitur** doctrine applies only when the facts proved by the plaintiff admit of the single inference that the accident would not have happened unless the defendant had been negligent."

It is next urged that the court committed prejudicial error in giving special instruction No. 4, to-wit:

"If you find, members of the jury, that the permanent wave as given by the defendant would not be injurious to a normal individual, and that the dermatitis which the plaintiff had was solely and proximately caused by a supersensitivity that she had to one or more of the elements in the solutions used, then she cannot recover in this case."

The correctness of the charge is not challenged but it is contended that there was no credible evidence in the record to justify the charge; that it does not show the plaintiff was supersensitive to one or more of the elements in the solution at the time of the injury. We cannot concur with counsel on this factual conclusion, but find that the evidence was sufficient to require the requested charge to be given and failure to have done so would have constituted prejudicial error.

We have examined the entire record and conclude that the verdict is supported by the proper degree of proof and is therefore not against the manifest weight of the evidence.

Finding no error in the record, the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.