BATES, Appellant, v. CLEVELAND ELECTRIC ILLUMINATING COMPANY and STALWART RUBBER COMPANY, Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25285. Decided January 18, 1961.

346

*Mr. Frank Leonetti,* for appellant.

*Messrs. Squire, Sanders & Dempsey,* for appellee The Cleveland Electric Illuminating Co.

*Messrs. Bulkley & Butler,* for appellee Stalwart Rubber Co.

(DOYLE, P. J., and HUNSICKER, J., of the Ninth District, and GRIFFITH, J., of the Seventh District, sitting by designation in the Eighth District.)

For further history see *Omnibus Index* in bound volume.

HUNSICKER, J. Richard Bates, an employee of Gardner

Cartage Co., while serving as one of a working crew of such company, upon the premises of the Stalwart Rubber Co., was injured by reason of an electric shock from a high voltage electric transmission line owned by the Cleveland Electric Illuminating Co., which line passes over the lands of the Stalwart Rubber Co.

The Gardner Cartage Company was employed by the purchaser of a dismantled metal smoke stack (removed from the building of the Stalwart Rubber Company) to take such stack to the premises of the purchaser. This stack was lying on the ground adjacent to the building of Stalwart Rubber Company and near the high voltage electric line of Cleveland Electric Illuminating Co., when, as alleged in the petition, an electric arc occurred between the electric line and the boom of a crane used in removing this metal smokestack.

Richard Bates, in his petition, alleged the following specification of negligence:

"1. In failing to insulate said wires.

"2. In maintaining said wires in an uninsulated and unprotected condition, when the defendants knew, or in the exercise of ordinary care should have known, that the workmen would be working in close proximity thereto.

"3. In negligently maintaining said wires in such an insulated and unprotected manner upon the property of the Stalwart Rubber Company.

"4. In maintaining said wires at said time and place and in the condition hereinbefore described without giving the plaintiff or others invited upon the premises any notice or warning of any kind or character of said wires and the condition of same.

"5. In negligently failing, at said time and place, to give plaintiff any notice or warning of the condition, kind, type and character of said wires or of the electric current transmitted thereby, with knowledge that plaintiff and others were engaged in the removal of said smokestack, which work required them to come in close proximity with said wires.

"6. In failing to shut off the current in said wires during the period of time when the plaintiff and others were working in close proximity thereto.

"7. In failing to take any precaution to keep the curren in said wires from jumping to equipment used in the remova of said smokestack, when the defendants knew, or in the exer cise of ordinary care should have known, that said electricit would jump when coming in close proximity thereto.

"8. In failing to post any sign, notice or warning on sai substation and the wires leading thereto indicating that thirty three thousand (33,000) volts were carried into said substatio and transmitter and that the same was dangerous.

"9. That the defendant The Cleveland Electric Illumina ing Co. was careless and negligent in failing to apprise an acquaint the users of its current that the wires leading to sai substation and transmitter were hot, and that it had curren in said wires leading to said substation and transmitter.

"10. In inviting the plaintiff and others to enter th premises in question, when the defendants knew, or in th exercise of ordinary care should have known, that said premise were not safe, as hereinabove described."

There was no allegation that the high voltage wire brok but the petition did state that the boom of the crane did n make contact with such wire.

Mr. Bates and all other members of the Gardner Cartag Company crew knew of the presence of the wires, and knew tha they were of high voltage.

At the conclusion of the plaintiff's case, counsel for bot defendants, the Stalwart Rubber Co. and Cleveland Electri Illuminating Co., moved the trial court to direct a verdict fo the defendants. After oral argument to the trial court o these motions, and while such court was in the act of statin his conclusion and decision in the matter, counsel for Mr. Bate asked to amend his petition "to conform with the evidence. The trial judge overruled this request and directed a verdic for both defendants.

An appeal was then lodged in this court by Mr. Bates, wh says:

"1. The judgment of the trial court is contrary to law an the evidence.

"2. The court erred in granting the defendants' motion to instruct the jury to return a verdict in favor of both defend ants.

"3. The court erred in overruling plaintiff's motion to permit him to amend his petition to conform with the evidence in the event the court found that said petition was insufficient.

"4. The court erred in other respects appearing on the face of the record."

The claim of Mr. Bates is that the evidence introduced by him in chief raised the issue of the application of the doctrine of res ipsa loquitur, and that if the motion to amend the petition to conform to the evidence had been granted, it would have required the submission of the case to the jury—not on the specific allegations of negligence, but upon the inference of negligence that the jury could have properly drawn from the fact that the high voltage electric wire broke and fell upon the crane used in moving the old smokestack.

We first direct our attention in this matter to the judgment as it applies to the Stalwart Rubber Company.

Mr. Bates was not an employee of the Stalwart Rubber Company, nor of anyone connected directly with that company. His employer was an independent contractor which had a contract with one Farasey to move a dismantled smokestack that Farasey had purchased from Stalwart.

When Mr. Bates went upon the Stalwart lands, he knew of the presence of the high voltage electric wires. He had experience in moving material from under and near such wires. He realized the potential danger inherent in such situations. Whether Mr. Bates is to be considered an invitee or a licensee is of no great moment here. Knowledge of and appreciation of all of the dangers in the situation were possessed by Mr. Bates and his fellow employees. Armed with this knowledge, the place of work was not then an unsafe place to work within the frequenter statutes (Sections 4101.01, 4101.11 and 4101.12, Revised Code). *Bosjnak* v. *Superior Sheet Steel Co.*, 145 Ohio St., 538.

No activity upon the part of Stalwart caused the condition that resulted in injury to Mr. Bates. The rule announced in *Schwarz* v. *General Electric Realty Corp., et al.*, 163 Ohio St., 354, as applied to independent contractors, is applicable herein, even though Mr. Bates was not, strictly speaking, an employee of an independent contractor employed by Stalwart.

350

The judgment as to Stalwart Rubber Company must be affirmed.

We next consider the judgment as it applied to the other defendant, The Cleveland Electric Illuminating Company.

The Illuminating Company maintained the high voltage electric line into Stalwart. It was these wires near which Mr. Bates and his fellow workers placed the crane. The boom of this crane was so arranged as to pass three to four feet beneath the uninsulated high voltage electric wires. In the ordinary course of business in and about Stalwart, no one could possibly foresee that contact would be made with these wires which were some 30 feet or more above the ground over which people would walk.

Two of the members of this court participated in the case of *Hall, Admrx., v. Lorain-Medina Rural Electric Co-operative Inc.*, 104 Ohio App., 278 (motion to certify overruled on October 9, 1957), wherein we said:

"1. An electric power company is under a duty to see that its electric current is safely conducted over premises upon which it maintains its wires, so as not to endanger the occupants or users of such premises or those rightfully thereon.

"2. An electric power company may be liable for its negligence, but it is not an insurer of the safety of those who are injured by coming into contact with its wires.

"3. An electric power company, which maintains its wires over its right of way 25 feet above the ground 23 feet from an oil well that is being serviced on adjacent property, is not required to anticipate at its peril every possible circumstance under which some person might make contact with its wires.'

The evidence in the instant case established that the sections of smokestack could have been moved to a point where the crane and boom would not have been under the high voltage lines. It was then not necessary for the workmen to be subjected to the possibility of an electric arc being formed by the movement of the metal boom in close proximity to the uninsulated electric wires.

Workmen were not required to work in close proximity to these uninsulated wires, and, under such a state of facts, it was not reasonably foreseeable that a situation as we have in the instant case would develop.

"We think that the law does not require a person who maintains a high-voltage electric wire, under the conditions found in this case, to anticipate at his peril every possible cirmstance under which some person might make contact with his wire."

Hall, Admrx., v. Lorain-Medina, etc., 104 Ohio App., 278, page 284.

See also: Hetrick, Admx., v. Marion-Reserve Power Co., 141 Ohio St., 347.

We now direct our attention to the claim that the trial court committed error prejudicial to Mr. Bates in refusing to permit an amendment of the petition to conform to the evidence. Specifically, the complaint is made that the facts called for the application of the doctrine of res ipsa loquitur.

It must be remembered that the claims of negligence were detailed in the petition. There was no claim in the petition that the wire, being under the exclusive control of the Illuminating Company, broke from causes unknown to Mr. Bates.

The evidence discloses some conflict as to the manner and cause of the break in the wire. There is testimony by the plaintiff's witnesses that the arc occurred first, then the wire fell to the ground. There is also some slight indication that the wire broke, thereby creating a flash of light. In any event, there is no dispute but that the wire did break—either from the arc caused by the close proximity of the boom of the crane, or from other cause not shown by the evidence.

There is a conflict of authority with respect to the application of the doctrine of res ipsa loquitur where there are specific acts of negligence alleged, and evidence introduced in support thereof.

In Union Gas & Electric Co. v. Waldsmith, 31 Ohio App., 18, the court said:

"3. The allegations in the petition by the injured party of negligence of the electric light company and the offering of evidence tending to prove such negligence are not a waiver of the doctrine of res ipsa loquitur."

Judge Doyle, speaking for the Eighth District Court of Appeals, in Kaltenbach v. Cleveland, Columbus & Cincinnati Highway, Inc., et al., 82 Ohio App., 10, said:

352

"1. The force and justice of the rule res ipsa loquitur coi sist in the circumstances that the chief evidence of the tru cause of an injury, whether culpable or innocent, is accessib to the defendant, but inaccessible to the injured person.

"2. The principle does not apply, inter alia, (a) when spec fic acts of negligence, claimed to have proximately caused th injuries, are pleaded by the injured person and evidence introduced tending to support such claims of culpable conduc (b) where more than one inference of negligence can be draw from the evidence as to the cause of the injury; and (c) whe the instrumentality causing the injury is not under the exclusiv control or management of the defendant."

In *Welch* v. *Rollman & Sons Co.*, 70 Ohio App., 515, at 52 the court said:

"* * * If the plaintiff is cognizant of the negligence causin his injuries and specifies it, the doctrine of res ispa loquitur inapplicable."

A further discussion of this general problem is found i 33 A. L. R. 2d, 791, et seq.

There is also another phase of this doctrine which must b applied herein, and that is that, if there is an equally efficier cause of the accident shown, either by the pleadings or th evidence, the rule of res ispa loquitur cannot be invoked. *Loom* v. *Toledo Railways & Light Co.*, 107 Ohio St., 161; *Glowack* etc., v. *North Western Ohio Ry. & Power Co.*, 116 Ohio St., 45 at page 463; *Gephart* v. *Pike- Kumler Co.*, 76 Ohio Law Abs.,

We therefore determine in this case that the trial judg did not err when he refused to permit an amendment of th petition to conform to the evidence, and that it was not erro to direct a verdict for the appellee The Cleveland Electric Ill minating Co.

The judgment in this case must therefore be awarded th appellees, Stalwart Rubber Co. and The Cleveland Electri Illuminating Co.

Judgment affirmed.

DOYLE, P. J., and GRIFFITH, J., concur.