429 P.2d 442

Rose HETH and William Heth, her husband, Appellants,

v.

DEL WEBB'S HIGHWAY INN, an Arizona corporation, Losee's Restaurant Equipment and Supply Company, an Arizona corporation, and John Doe Kapp and Jane Doe Kapp, dba Kapp Cabinet Shop, Appellees.

No. 8206.

Supreme Court of Arizona.

In Division.

June 22, 1967.

**332**

Struckmeyer & Whitney, by James A. Struckmeyer, Phoenix, R. Kelly Hocker, Tempe, for appellants.

Moore, Romley, Kaplan & Green, by M. R. Kaplan and Robert H. Green, Phoenix, O'Connor, Anderson, Westover, Killingsworth & Beshears, by Ralph Hunsaker, Gibbons, Kinney & Tipton, by Howard W. Gibbons, Phoenix, for appellees.

McFARLAND, Justice.

This is an action for damages brought by the plaintiff, Rose Heth, for personal injuries received by her when she fell from a stool in a coffee shop operated by the defendant, Del Webb's Highway Inn, an Arizona corporation, hereinafter referred to as Webb. The chair was mounted on a pedestal adjacent to a lunch counter, and was supplied by the defendant, Losee's Restaurant Equipment and Supply Company, an Arizona corporation, hereinafter referred to as Losee. It was installed by the defendant, Kapp Cabinet Shop, hereinafter referred to as Kapp. The complaint alleged that the "defendants negligently had installed, designed, maintained or otherwise kept under their exclusive or constructive control, a stool at the counter," which "broke and/or collapsed" while plaintiff was attempting to sit on it. Plaintiff has appealed from a directed verdict in favor of all three defendants at the close of all the testimony.

It is well settled that upon appeal from a directed verdict, the evidence will be viewed in a light most favorable to the appellant; whatever competent evidence appellants have introduced, including all inferences that can reasonably be drawn therefrom, is assumed to be true; and if the evidence is of such character that reasonable minds may differ on the inferences to be drawn therefrom, the case must be submitted to the jury. Sturm v. Heim, 95 Ariz. 300, 389 P.2d 702.

Following these rules, we can fairly state that the evidence in this case shows the following:

The stool was what is known as a "captain's chair," with arms, and swiveling on a pedestal which was bolted to the floor. Losee contracted with Webb to furnish and install about twenty-four stools, but subcontracted with Kapp for their installation. The base of each stool was held to the floor by a single bolt and nut. The bolt was set by drilling a large hole in the cement, inserting the bolt, and pouring around it a hard quick-drying cement called "Porrock." If the bolt loosened in the cement, or if the nut loosened on the bolt, the stool would wobble.

The sales engineer for Losee testified that in any new installation some of the stools almost always get loose for various reasons, and that, therefore, at the time of the installation, he warned Webb to "keep an eye on the stools" and to keep Losee informed. Prior to the accident several such calls were received from Webb and were referred to Kapp who went out and tightened the stools. After the accident he went to Webb's with Kapp, examined the stool in question, and found that it was loose and had about one-half inch of vertical play in the base, and two to three inches of horizontal play in the seat itself.

The superintendent of installation for Kapp testified that he made two service calls prior to the accident, to repair loose stools at the same counter as the stool from which plaintiff fell. After the accident he examined the stool in question, and found that it was loose and that the bolt holding it to the floor was loose in the cement.

A Kapp partner testified that he went to the scene of the accident after it happened; that he then found that the base was loose; that prior to the accident Webb was informed that there were some loose stools; that in any new installation, some stools usually loosened up.

Plaintiff testified that the stool felt wobbly when she sat on it, and that when she tried to slide back in the seat, it "broke off."

Whether it actually broke off, or merely tipped, is the subject of conflicting testimony. Plaintiff fell sideways against the wall, but did not fall to the floor. The headwaitress remarked to plaintiff that they had had trouble with that stool before, and the manager stated that they had had a man out to fix it the day before.

A former waitress who was working at Webb's at the time of the accident testified that there was one stool that was usually empty; that people would come and say: "You don't want me to sit on that thing and break my neck"; that several of the stools were wobbly after installation; that after the accident, the floor where the base had been was cracked and was "a mess."

■ The allegation of negligent design has not been proved. There is no evidence whatever that the design was not proper, nor is there any evidence that any of the three defendants had anything to do with the design.

There is no evidence of negligent installation. The only thing approaching such evidence, is the proof that the stool's base had four holes but was attached by only one bolt. No evidence was introduced to indicate that one bolt was insufficient, or that the lack of the other three bolts contributed to the stool's looseness. One witness stated that to drill four holes in such small area of the floor might have weakened the cement and might have made a less sturdy installation. To have permitted the jury to find negligence in the installation, would be to permit it to indulge in speculation unsupported by any reliable evidence.

■ On the question of negligent maintenance, a jury case clearly has been made against Webb. However, the appellees, Kapp and Losee had nothing to do with the maintenance of the stools at Webb's. Webb alone was responsible for their maintenance and had exclusive possession of the stools.

■ Although a property owner or occupant is not an insurer of the safety of his invitees (Daugherty v. Montgomery Ward, 102 Ariz. 267, 428 P.2d 419, decided May 25, 1967) he owes a duty to such invitees to have his premises in a reasonably safe condition and to give warning of latent or concealed perils (Ibid). A greater duty rests upon one engaged in selling merchandise, to discover whether a dangerous condition exists on the premises, than devolves upon his invitee who has a right to assume that the premises are reasonably safe for his use. Glowacki v. A. J. Bayless Markets, 76 Ariz. 295, 263 P.2d 799.

Curiously enough, these principals have been applied to a state of facts almost identical with those of the instant case, and the result achieved corresponds with our views in the matter. In addition, the case to which we refer, has already been cited with approval by us. That case is Denison v. Wiese, 251 Iowa 770, 102 N.W.2d 671. The facts are so close to the instant case that we will refrain from describing them. Appellees attempt to distinguish that case from this one by the fact that in the Iowa case the chairs were old and all of them had, on one or more occasions, been repaired. We think that the newness of this installation makes this appellant's case even stronger, because the installing contractor told Webb, when he set the stools, that in all *new* installations some of them *almost always* get loose, so that Webb should *keep an eye on the stools*. With that warning in mind, and in view of the fact that some chairs had already worked loose before the accident, the jury could have found that Webb was negligent in not setting up some reliable consistent method of inspection. In the Iowa case, upon discovering loose stools, the proprietor instituted a monthly inspection. The Iowa court held that the jury could find that there had been negligence in inspection or repair. In the instant case the defendant Webb made no showing of any kind that any steps had been taken to make the stools safe, except to order repairs when a stool was found to be loose. There was no showing that a stool found to be loose was taken out of service

or that customers were warned of the loose condition. So far as the evidence goes, after calling the repair man, Webb ceased to be concerned. Appellees argue that there is no proof that the stool did not become loose immediately prior to appellant's sitting on it, and therefore the time period was too short to charge appellee with notice of the defect. If this defect were something unforeseen, such as a banana peel dropped by a departing customer there would be some merit to this argument. But when Webb had notice that newly installed stools work loose, and that several of them had already done so, a jury would be justified in finding that he owed more than a duty to sit back and wait until someone complained, before acquiring knowledge of the defect. Webb could hardly expect an injured customer to prove that the defective condition had existed prior to the time that the customer even entered the restaurant. The questions of whether Webb was negligent, whether the wobble of the stool made it unsafe or was great enough to cause appellant's fall, etc. are questions of fact peculiarly suited to a jury's determination. Denison v. Wiese, supra.

Appellee Webb devotes considerable space in his brief, to statements to the effect that appellant's testimony is incredible; that it is contradicted by the physical evidence, and that she made statements in her pre-trial deposition contradictory to her testimony. Since we are here dealing with a motion for a directed verdict, these arguments are entirely irrelevant, as all of appellant's testimony is considered to be true. Sturm v. Heim, supra.

■ Appellee also argues that Webb had the right to rely upon the care of independent contractors in the maintenance of the stools. The difficulty with this argument is that there was no maintenance contract between Webb and anyone, and no evidence that the looseness of the stools was due to negligent maintenance by any independent contractor.

[7] In addition to the facts set out above, the appellant attempted to prove at the trial that Webb had actual notice of the dangerous condition of the stool on at least three occasions, the last of which was the morning of the day of the accident. Appellant tried to prove these facts by offering to read to the jury the cross-claim of Webb against Kapp and Losee. The trial court refused to permit the use of such evidence. Since we have decided to reverse and remand this cause for a new trial, as to the appellee Webb, we will determine the propriety of introducing the cross-pleading.

Two objections to the use of the cross-pleading were made. (1) By stipulation of the parties at the pretrial, all matters pertaining to the cross-claims were reserved until after the trial, and (2) cross-claims are not evidence or admissions against interest, but are merely pleadings.

The first objection is clearly invalid. The offer to read the cross-pleading to the jury was not for the purpose of litigating the cross-claims, but for the purpose of proving appellant's case. The pretrial order provided that after the trial the cross-claims would be tried to the same judge without a jury, using the same evidence plus any competent additional evidence that the parties might introduce. Since the cross-claims were not going to be submitted to the jury, the pretrial order would not be violated by allowing the cross-complaint to be read into evidence.

■ As to the second objection, it should be noted that the allegations of Webb in its cross-complaint are in the nature of admissions. Webb, in support of his position that the admission should be excluded, cites Buehman v. Smelker, 50 Ariz. 18, 68 P.2d 946 and Jimenez v. Starkey, 85 Ariz. 194, 335 P.2d 83. In Buehman, the pleading excluded was a superseded complaint. In the instant case, the cross-complaint had not been superseded, so that Buehman is not applicable. In Jimenez the pleading sought to be admitted was in a different case and against a different defendant. It had not

been verified or signed, and there was no evidence that the other case had gone to trial or that the plaintiff had knowledge of the contents of the complaint. Under these facts we held that the pleading was inadmissible *for purposes of impeachment.* In the instant case the admission of the cross-complaint was sought, not for impeachment, but to prove an independent fact, so that Jimenez is inapplicable. Furthermore, in the instant case, the cross-pleading offered was against a codefendant in the same suit. While it is true that the issues of the cross-complaint were not being tried at the same time, nevertheless it was contemplated that they would be tried to the same judge on the same evidence if the plaintiff prevailed.

Where such a pleading is on file, a plaintiff might well rely upon its contents, and fail to secure additional evidence to prove knowledge by the defendant. Webb alleges in its cross-complaint that it imparted knowledge of the looseness of the stool to its codefendant and the codefendant had been negligent in failing to fix it; therefore the plaintiff is entitled to introduce this allegation of knowledge of the looseness, as evidence in her case of this admission of knowledge by Webb. We reaffirm both Buehman v. Smelker and Jimenez v. Starkey, supra, but we hold that Webb's cross-complaint may be introduced as an admission against interest. Fox v. Weissbach, 76 Ariz. 91, 259 P.2d 258; Udall on Evidence, Section 177.

Appellant argues that the cross-complaint is not only admissible but is conclusive and binding upon Webb. The law is otherwise. Webb may explain the reasons for any contradictions by proper testimony. Fox v. Weissbach, supra.

Reversed and remanded as to Del Webb's Highway Inn; affirmed as to Kapp Cabinet Shop and Losee's Restaurant Equipment and Supply Company.

BERNSTEIN, C. J., and LOCKWOOD, J., concur.