434 P.2d 392

Ruth BEHYMER, Plaintiff-Appellant,

v.

KIMBELL–DIAMOND COMPANY, a corporation, d/b/a Kimbell-Albuquerque Company, Defendant-Appellee.

No. 8420.

Supreme Court of New Mexico.

Nov. 27, 1967.

Company (hereafter referred to as Kimbell). :

Plaintiff was in the Kimbell store to buy certain supplies for the Methodist Church. Kimbell operates a wholesale mercantile business. While plaintiff was standing in an aisle talking to the Kimbell salesman who had waited on her, another Kimbell employee placed a cart in such a position that it partly projected into the aisle and behind the plaintiff. The cart had a flat platform approximately three by five feet in size and about four inches from the floor. As plaintiff was leaving and talking to the salesman, she took some steps, at least partly backward, and tripped over the cart. As a result, she sustained bodily injuries.

We said in Dillard v. Southwestern Pub. Serv. Co., 73 N.M. 40, 385 P.2d 564, that:

"'* * * The party against whom a motion for summary judgment is directed is entitled to have all reasonable inferences construed in his favor. Agnew v. Libby, 1949, 53 N.M. 56, 201 P.2d 775. *Actually, even in a case where the basic facts are undisputed, it is frequently possible that equally logical, but conflicting, inferences may be drawn from these facts which would preclude the granting of summary judgment.* * * *'"

We think the fact that the plaintiff was a business invitee is not disputed. Accordingly, it is well settled that while the proprietor of a store is not a guarantor of the safety of its customers, Barrans v. Hogan, 62 N.M. 79, 304 P.2d 880, 61 A.L.R. 2d 1, it is well established that such a proprietor owes to its customers the duty to exercise ordinary care to keep those portions of the premises which may be expected to be used by its customers in reasonably safe condition. Barakos v. Sponduris, 64 N.M. 125, 325 P.2d 712; Mahoney v. J. C. Penney Co., 71 N.M. 244, 377 P.2d 663; Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364.

There is testimony that the cart over which plaintiff tripped and fell was placed behind her, without her knowledge by an-

McAtee, Marchiondo & Michael, Charles G. Berry, Albuquerque, for appellant.

Sutin & Jones, Albuquerque, for appellee.

OPINION

NOBLE, Justice.

Ruth Behymer, plaintiff below, has appealed from a summary judgment dismissing her action against Kimbell-Diamond

other Kimbell employee. The salesman with whom she was talking testified:

"Q. You knew it was there?

"A. Naturally, I could see it.

"Q. You were still talking to her at that time?

"A. Yes, sir.

"Q. And you knew she was looking back over her shoulder towards you?

"A. That's right.

    \*     \*     \*     \*     \*     \*

"Q. And you didn't tell her to watch out for the cart?

    \*     \*     \*     \*     \*     \*

"A. No.

    \*     \*     \*     \*     \*     \*"

We think reasonable minds could believe that leaving such a cart projecting into the aisle where customers searching shelves for merchandise or talking to salesmen about prospective purchases would create a hazard exposing such customers to an unreasonable risk of harm. Campbell v. Safeway Stores, Inc., 15 Utah 2d 113, 388 P.2d 409. We also think that reasonable minds could draw an inference that the employee, knowing of the existence of the cart projecting into the aisle, and the customer, not knowing of its presence, had a duty to warn the customer. Boyce v. Brewington, 49 N.M. 107, 158 P.2d 124, 163 A.L.R. 583.

It is true that one is ordinarily guilty of contributory negligence if she fails to see and give heed to a danger which is plain to be seen, but ordinarily contributory negligence is a question of fact and not one of law. Mozert v. Noeding, supra; Curtis v. Schwartzman Packing Co., 61 N.M. 305, 299 P.2d 776; Williams v. City of Hobbs, 56 N.M. 733, 249 P.2d 765. It would serve no useful purpose to detail the facts upon which summary judgment was entered. Suffice it to say that our review of the record convinces us that this record is not such that plaintiff's conduct can be said, as a matter of law, to have constituted contributory negligence barring her recovery.

It follows that the entry of a summary judgment dismissing plaintiff's action was error requiring reversal. The case is, accordingly, remanded with instructions to vacate the summary judgment and to proceed in a manner not inconsistent with this opinion.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.