449 P.2d 787

Lon D. MERCHANT, Plaintiff,

v.

Haskell WORLEY, Defendant-Appellant, Security National Bank of Roswell, New Mexico, Defendant-Appellee.

No. 183.

Court of Appeals of New Mexico.
Jan. 10, 1969.

Dan B. Buzzard, Clovis, for appellant.

Robert A. Johnson, Atwood & Malone, Roswell, for appellee.

## OPINION

SPIESS, Chief Judge.

The defendant and cross-complainant, Worley, (hereinafter referred to as Worley) sought a recovery of damages by cross-claim against Security National Bank of Roswell, New Mexico, (hereinafter termed the Bank) alleging a wrongful dishonor of drafts drawn by him upon his account with the Bank at times when he had standing to his credit an amount in excess of the face of the drafts.

At the close of the case the Bank moved for a directed verdict which was granted. Judgment was thereafter entered dismissing the cross-claim. Worley has appealed and here asserts that the court erred in so doing.

■ It is firmly established that it is error for the trial court to direct a verdict at the close of the evidence in favor of the movant unless the adverse party has presented no evidence which would support a judgment in his favor. Jones v. New

Mexico School of Mines, 75 N.M. 326, 404 P.2d 289 (1965); Edwards v. Ross, 72 N.M. 38, 380 P.2d 188 (1963); Smith v. Loos, 78 N.M. 339, 431 P.2d 72 (Ct.App. 1967).

■ In the consideration of a motion for directed verdict the court must view the adverse party's evidence together with all reasonable inferences that could reasonably be drawn therefrom in a light most favorable to such party disregarding all evidence to the contrary. If reasonable minds may differ, it is a proper question to be submitted to the jury, otherwise it should be withdrawn. Tabet v. Sprouse-Reitz Co., 75 N.M. 645, 409 P.2d 497 (1966).

For the reasons hereinafter stated it is our opinion that the court was warranted in withdrawing the cross-claim from the jury and entering the judgment dismissing it.

This litigation was the outgrowth of a sale of cattle by Merchant, plaintiff in the action, to Worley.

As part of the consideration for the purchase of the cattle, Worley delivered a draft to Merchant dated November 21, 1966, in the amount of $21,264.00 and drawn on the Bank. At the same time, he delivered an undated draft for $27,775.54 to Merchant. This draft was also drawn on the Bank.

On November 21, 1966, Merchant deposited the $21,264.00 draft to his account with the First National Bank of Roswell and on the following day it was presented to the Bank for payment.

The Bank declined payment of the draft and returned it to the First National Bank of Roswell with the notation "refer to maker" affixed to the draft.

It appears that the draft was charged back to Merchant's account by First National Bank of Roswell on November 23, 1966. Thereafter, on November 28, 1966, the draft was redeposited by Merchant with the First National Bank of Roswell and the Bank declined payment when the

draft was presented to it for the stated reason "not sufficient funds."

On or about December 9, 1966, the undated draft in the amount of $27,775.54 was presented for payment to the Bank and payment was declined. No question relating to this draft is presented on this appeal.

Merchant thereafter brought this suit for the collection of both drafts against Worley, and the Bank. Worley cross-complained against the Bank asserting, as we have said, that the refusal of the Bank to pay the draft constituted a wrongful dishonor and as a result he sustained damage in a stated amount for which he asked judgment against the Bank.

Judgment in favor of Merchant was rendered upon a directed verdict as against Worley and Merchant's claim against the Bank was dismissed.

This appeal relates only to the dismissal of Worley's cross-claim against the Bank.

Worley contends that the court erred in holding that there was insufficient evidence to raise a fact question for determination by the jury with respect to (1) the question of wrongful dishonor of the draft by the bank, and (2) the issue of Worley's damages to his credit and loss of profit.

Since, in our view, the refusal of the bank to pay the draft did not constitute wrongful dishonor, we do not reach the second issue relating to Worley's claimed damages.

■ We will first consider the bank's dishonor of the Merchant draft when it was presented for payment and returned unpaid November 23, 1966.

It is undisputed that Worley's account at this time disclosed a credit of $65,256.36. It is likewise undisputed that on the 12th of November 1966, Worley had deposited two drafts to his account in the total amount of $28,374.98. Each draft was payable to Worley's order and drawn upon a bank in Dalhart, Texas. Further, on November 14, 1966, Worley had deposited to the account a draft payable to his order in the amount of $21,511.73 and drawn on a bank at Clovis, New Mexico.

The only evidence in the record relating to these three drafts, which were credited to the Worley account and included in the total of $65,256.36, is that they had not been paid when the Merchant draft was presented for payment.

There is no evidence of a substantial nature in the record from which it could be reasonably inferred that an agreement, express or implied, existed between Worley and the Bank allowing Worley to draw against uncollected credits. It is clear that had the Merchant draft been paid when first presented, the Bank would have been required to authorize a withdrawal against uncollected credits, which it was not obligated to do. Worley was not entitled as a matter of right to make withdrawals as against the uncollected drafts before settlement became final. § 50A–4–213(4) (a), N.M.S.A.1953.

In view of the condition of the Worley account with respect to unpaid credits at the time of the presentation of the Merchant draft, it is our opinion that the Bank incurred no liability in declining payment.

■ We next consider the Bank's position in declining payment of the Merchant draft the second time it was presented for payment. As we have stated, Merchant redeposited the draft to his account with the First National Bank of Roswell on November 28, 1966, and it was presented to the Bank for payment on November 29, 1966. Payment was declined for the reason that the Worley account at this time had insufficient funds to its credit to pay the draft.

It is admitted that prior to the 29th of November 1966, Worley had become indebted to the Bank in the principal sum of $60,000.00 and was so indebted on the 29th of November 1966. The indebtedness to the Bank was secured by a security agreement covering certain described cattle. The promissory note evidencing the indebtedness was dated November 15, 1966, pay-

able one year after date and contained, among other matters, the following:

"If default occurs in the payment of principal or interest or if the holder hereof deems itself insecure, it may, at its option, declare the entire principal sum together with all accrued interest on this and all other obligations to be immediately due and payable. * * * The holder of this note is authorized to apply any funds or property of a maker or endorser hereof which are under its control to the payment of any amount due hereon, including the right of offset as to accounts of all types, without further notice or authority."

On or about November 23rd, 1966, the bank officials became concerned as to the security of the loan. Their concern was based upon certain information which they had received relating to a transaction, or transactions between Worley and a cattle company in Clovis. On November 25th, 1966, Worley conferred with the bank officials relating to the indebtedness and on that date issued and delivered to the Bank a check payable to it in the sum of $50,-000.00, which check was held by one of the bank officials. On November 29th, 1966, Worley again met and discussed the indebtedness with the officers of the Bank and at this time the total amount owing the Bank, principal and interest included, was the sum of $60,200.00. A further check was issued and delivered to the Bank by Worley in the sum of $10,200.00. The purpose for the issuance of the checks to the Bank, according to Worley, was to pay and discharge the indebtedness owing to the Bank until he and the Clovis Cattle Company could settle their differences. The prepayment of the note was demanded by the Bank and agreed to by Worley.

The evidence does not warrant a conclusion, as Worley suggests, that the checks were issued to the Bank upon its assurance that the Merchant draft had cleared.

■ These checks, together with the Merchant draft, were presented for payment November 29, 1966, as against the Worley account. Worley challenges the right of the Bank to present its checks aggregating $60,200.00 against his account. He argues first that the note was not due and payable when the checks issued to the Bank were presented for payment against his account. We disagree. It is undisputed that the Bank exercised the option expressed in the note to declare it due on the ground that the Bank deemed itself insecure. The Bank's good faith in so doing was not challenged by Worley. The right to accelerate payment of a note containing the language of the note involved here is expressly authorized by § 50A–1–208, N. M.S.A.1953. The condition imposed is that the holder in accelerating payment may do so only if he, in good faith, believes that the prospect of payment is impaired. The burden, however, of establishing lack of good faith is on the party against whom the power has been exercised. Thus, the burden of challenging good faith was upon Worley; which burden, as stated, he failed to sustain.

Worley further contends that the Bank having taken security for the payment of its note was prohibited from charging the amount of the indebtedness against his account without first liquidating the security. In support of this contention he cites Melson v. Bank of New Mexico, 65 N.M. 70, 332 P.2d 472 (1958). We have reviewed *Melson* but the facts differ materially from those in the instant case and we fail to find in this decision support for the position taken by Worley. In *Melson* there appears to have been no agreement between the Bank and depositor authorizing it to charge the indebtedness against his account. In the instant case the note executed by Worley expressly authorized the Bank to charge the indebtedness evidenced by the note against his account. An agreement on the part of Worley to effect the charge against his account is likewise found in the fact that Worley issued and delivered to the Bank checks drawn upon his account in the amount of the indebtedness owing to the Bank.

In our opinion it was not improper for the Bank to accept and present the checks issued by Worley to it in payment of his note against his account. The Merchant draft and the checks issued to the Bank were presented against the Worley account on November 29, 1966. The checks issued to the Bank were paid leaving an insufficient amount in the account to pay the draft. Under these circumstances and in accordance with § 50A–4–303(2), N.M.S.A.1953, the Bank could charge items against the account in any order convenient to it.

The dishonor of the Merchant draft the second time it was presented for payment does not appear to us to have been wrongful. The judgment of the trial court is affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.