458 P.2d 808

**Gladys BROWN and Johnny Brown, Plaintiffs-Appellees,**

v.

**F. W. HALL, d/b/a Hall's Bar and Lounge, Defendant-Appellant.**

**No. 310.**

Court of Appeals of New Mexico.

Aug. 22, 1969.

Certiorari Denied Sept. 17, 1969.

Bob F. Turner and Robert E. Sabin, Atwood, Malone, Mann & Cooter, Roswell, for defendant-appellant.

John N. Sanders, Lovington, Lowell Stout, Hobbs, for plaintiffs-appellees.

## OPINION

HENDLEY Judge.

Defendant moved for a directed verdict, at the close of plaintiffs' case and at the close of defendant's case, on the grounds that Gladys was contributorily negligent, as a matter of law, when she fell entering defendant's bar. The trial court denied both motions. The jury returned a verdict for Gladys and Johnny.

Defendant appeals contending the trial court erred in refusing to direct a verdict. We do not agree.

In considering a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the party resisting the motion, indulging every reasonable inference in support of the party resisting, ignoring conflicts in evidence unfavorable to him, and if reasonable minds might differ as to the conclusion to be reached, under the evidence or permissible inferences, the question is for the jury. Simon v. Akin, 79 N.M. 689, 448 P.2d 795 (1968); Apodaca v. Miller, 79 N.M. 160, 441 P.2d 200 (1968).

There was evidence that the entire doorway was very misleading, deceiving, dark and dangerous; that the small light over the doorway was not working at the time of the accident; that there were no warning signs on the doorway; that the step up at the threshold was about two or three inches high and on the inside of the threshold there was a sudden drop of seven or eight inches; that the outside lighting came from neon signs in the area and cast a shadow on the doorway; that the only light on the inside steps came from the bar but it did not reflect on the doorway step area; Gladys had been in the bar before but never through this particular entrance; Gladys

testified she "just didn't look plumb down" when she walked into defendant's bar.

From the foregoing we cannot say that Gladys was contributorily negligent as a matter of law. See Behymer v. Kimbell-Diamond Co., 78 N.M. 570, 434 P.2d 392 (1967).

■■ It would be error for a trial court to direct a verdict in favor of the movant unless the adverse party has presented no evidence which would support a judgment in his favor, and if reasonable minds may differ, it is a proper question to be submitted to the jury. Merchant v. Worley, 79 N.M. 771, 449 P.2d 787 (Ct.App.1969); Jones v. New Mexico School of Mines, 75 N.M. 326, 404 P.2d 289 (1965).

■ Defendant suggests that plaintiffs are in a dilemma for if there was sufficient lighting then she should have seen the steps and if the lighting was so dim that the interior steps were obscured then under the holding in Boyce v. Brewington, 49 N.M. 107, 158 P.2d 124, 163 A.L.R. 583 (1945), she was contributorily negligent as a matter of law. This contention is fallacious because it assumes the question of contributory negligence is to be determined solely on the basis of the lighting conditions. Contributory negligence involves negligence on the part of plaintiffs. N.M.U.J.I. 13.1. Generally speaking, negligence involves the question of ordinary care. N.M.U.J.I. 12.1. Ordinary care is that which a reasonably prudent person exercises and is determined in the light of the surrounding circumstances. N.M.U.J.I. 12.1.

■ The circumstances, here, involved more than the condition of the lighting. At the least, other circumstances to be considered include the physical condition of the entrance and the absence of any warning as to those conditions, Gladys' familiarity with the entrance and the care with which she entered. The circumstances are closer to those of Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966) than to Boyce v. Brewington, supra. In *Mozert*, as here, contributory negligence was a fact question to be resolved by the jury.

Defendant cites numerous cases to support his contention but we find nothing in them to compel us to conclude any differently.

The judgment is affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.