463 P.2d 516

Barbara GARCIA and James P. Garcia, Plaintiffs-Appellees,

v.

BARBER'S SUPER MARKETS, INC., a Corporation, Defendant-Appellant.

No. 377.

Court of Appeals of New Mexico.

Dec. 19, 1969.

Lewis R. Sutin, Sutin, Thayer & Browne, Albuquerque, for appellant.

Arturo G. Ortega, William E. Snead, Albuquerque, for appellees.

## OPINION

HENDLEY, Judge.

Plaintiff, Barbara Garcia suffered injuries when she slipped and fell on water-slick tile in defendant's store. Defendant had arranged an "Ice Cold Watermelons" tank display. When a customer would take a watermelon from the tank, water would drip on the floor. Barbara took one of the watermelons and placed it in her shopping basket. She then turned and started to walk toward a paper towel rack attached to an upright strut near the tank. She observed a puddle of water on the floor and stepped around it. There is evidence that this puddle of water did not come from her watermelon. She then took another step and looked up to get a towel when her right foot slipped and she fell.

At trial, defendant moved for a directed verdict at the close of plaintiffs' case and at the close of the entire case. Both motions were denied. The jury returned a verdict for plaintiffs and defendant filed motions for judgment n. o. v. or in the alternative, a new trial. Both motions were denied.

Defendant appeals alleging six points for reversal. We affirm for reasons hereinafter stated.

1. Defendant contends that "The defendant was entitled to a directed verdict or judgment notwithstanding the verdict because (1) the defendant was not negligent, and (2) the plaintiff Barbara Garcia was guilty of contributory negligence as a matter of law."

The standards required for the granting of a motion for directed verdict are the same as those for granting a mo-

tion for judgment notwithstanding the verdict. 5 Moore, Federal Practice para. 50.-07[2], at 2355 (2d ed. 1953); Russo v. Odell, R.I., 252 A.2d 135 (1969).

### Defendant's Negligence.

As we stated in Brown v. Hall, 80 N.M. 556, 458 P.2d 808 (Ct.App.1969), cert. denied 1969:

"In considering a motion for a directed verdict, the trial court must view the evidence in the light most favorable to the party resisting the motion, indulging every reasonable inference in support of the party resisting, ignoring conflicts in evidence unfavorable to him, and if reasonable minds might differ as to the conclusion to be reached, under the evidence or permissible inferences, the question is for the jury. Simon v. Akin, 79 N.M. 689, 448 P.2d 795 (1968); Apodaca v. Miller, 79 N.M. 160, 441 P.2d 200 (1968).

\* \* \* \* \* \*

"It would be error for a trial court to direct a verdict in favor of the movant unless the adverse party has presented no evidence which would support a judgment in his favor, and if reasonable minds may differ, it is a proper question to be submitted to the jury. Merchant v. Worley, 79 N.M. 771, 449 P.2d 787 (Ct. App.1969); Jones v. New Mexico School of Mines, 75 N.M. 326, 404 P.2d 289 (1965)."

We view the evidence pursuant to the foregoing quotation. The defendant's store manager, assistant manager and produce manager testified that they had had a problem of water spilling on the floor for six or seven weeks; that the water spilling was inevitable and a continuing problem which they recognized as creating a hazard; that the tile became slippery when wet; there was a danger of someone falling because of the water, and this hazard could have been eliminated by a different display.

There is also evidence that even with water on the floor, the customer's attention would be diverted by the towel racks at the ends of the watermelon tank. The manager "absolutely" expected the racks to attract the customer's attention.

There is evidence that the water should be continually mopped. There is evidence of regular and close attention to the area to make sure that water was mopped up. Opposed to this, however, is testimony that, with knowledge of the hazard from a wet floor water was left for periods of time without mopping, that the hazard existed from hour to hour and there were periods of time when the water was allowed to remain for longer periods than at other times.

Defendant asserts that plaintiffs cannot recover unless they show either a specific act of negligence by defendant or the existence of a condition "so obviously dangerous" as to permit an inference of negligence. Defendant claims there is no such evidence.

The mere presence of a slick or slippery spot on a floor does not in and of itself establish negligence, for this condition may arise temporarily in any place of business. Kitts v. Shop Rite Foods, Inc., 64 N.M. 24, 323 P.2d 282 (1958). Nor does proof of a slippery floor, without more, give rise to an inference that the proprietor had knowledge of the condition. Kitts v. Shop Rite Foods, Inc., supra. But we are not dealing with an isolated instance.

Plaintiffs were not required to prove either a specific act of conduct or an obvious dangerous condition. Such proof was not required once there was proof of a continuing messy condition—a pattern of conduct. Shaver v. Ray Bell Oil Co., 74 N.M. 700, 397 P.2d 723 (1964); Lewis v. Barber's Super Markets, Inc., 72 N.M. 402, 384 P.2d 470 (1963).

The proof of the pattern of conduct does not, of course, establish the defendant's negligence. Williamson v. Piggly Wiggly Shop Rite Foods, Inc., 80 N.M. 591, 458 P.2d 843 (Ct.App.1969). Taking the evidence in the light most favorable to

plaintiffs, not only was there proof of the pattern of conduct, there was evidence or inference of defendant's knowledge of a continuing hazard, that invitees might fail to protect themselves against that hazard and that defendant failed to exercise reasonable care to protect them from that hazard. Williamson v. Piggly Wiggly Shop Rite Foods, Inc., supra. In the light of the evidence and inferences, it would have been error for the trial court to have sustained defendant's claim of "no negligence." Factual issues on defendant's negligence had been raised.

*Plaintiff's Contributory Negligence.*

█ In order to find plaintiff contributorily negligent, as a matter of law, we would have to find her actions falling short of that which a reasonably prudent person would exercise, determined in light of surrounding circumstances. Brown v. Hall, supra. Defendant marshals the evidence of Barbara's contributory negligence. For example, defendant refers us to Barbara's familiarity with the store, the lighting conditions, the source of the water on which she slipped, her failure to take the "dry route" to the towel rack, her reaching for the towels rather than watching the floor. The evidence on which defendant relies certainly would sustain a finding of contributory negligence. However, it does not compel such a holding as a matter of law because there is evidence and inferences to the contrary. Barbara denied the water on the floor came from her melon. She had seen water on the floor as she approached the towel rack and attempted to avoid it. She slipped as she reached for a towel to dry her hands. In reaching for the towel, instead of looking at the floor, she did no less than what the manager expected a customer to do.

█ The trial court may take the question of contributory negligence from the jury only when reasonable minds cannot differ on the question and readily reach the conclusion that plaintiff's conduct fell below the standard to which he should have conformed for his own protection, and that this negligent conduct on his part proximately contributed with the negligence of the defendant in causing the injury. Lujan v. Reed, 78 N.M. 556, 434 P.2d 378 (1967); Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966).

█ Considering the evidence in the light most favorable to the party moved against, it would have been error to grant defendant's claim of contributory negligence as a matter of law. Williamson v. Piggly Wiggly Shop Rite Foods, Inc., supra; Brown v. Hall, supra.

2. Defendant's next three points for reversal relate to the trial court's refusal to give certain requested instructions concerning negligence, proper lookout and a dangerous condition. These rejected instructions, were either repetitious of points adequately covered in instructions given or contained hypothesized facts. We cite the following examples:

*Repetitious Instructions.*

Defendant's Requested Instruction No. 31 states:

"A business invitee is entitled to expect that the proprietor will take reasonable care to discover the actual condition of the premises and either make them safe or warn her of the dangerous condition. Nevertheless, the proprietor has a right to assume that the invitee will see that which would be obvious to her upon the ordinary use of her own senses. The business invitee owes to herself a duty to observe the obvious and apparent condition of the premises."

The Court Instruction Nos. 10, 11 and 12a state:

"The proprietor of a business owes no duty to a business invitee to either correct dangerous conditions or to warn the invitee of dangerous conditions, where the conditions are open and obvious to an ordinarily intelligent person using ordinary diligence.

"The defendant owed the plaintiffs the duty to exercise ordinary care to keep

the property reasonably safe for use by the plaintiffs.

"It was the duty of the plaintiff Barbara Garcia, before and at the time of the occurrence, to use ordinary care for her own safety."

 Denial of requested instructions is not error when the court gives instructions adequately covering the issues. Roybal v. Lewis, 79 N.M. 227, 441 P.2d 756 (1968); Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967). Nor is it material that one instruction did not contain all the elements of defendant's requested instruction if all instructions given fairly present the issues and the law applicable thereto. Roybal v. Lewis, supra; Flanary v. Transport Trucking Stop, 78 N.M. 797, 438 P.2d 637 (Ct.App.1968).

*Hypothesized Instructions.*

 Defendant's Requested Instruction Nos. 33 and 34 state:

"If you find that the water on the floor of defendant's store was in plain sight to an ordinary person making ordinary use of her senses, and if you further find that the plaintiff Barbara Garcia did not see the water, then you are instructed that her failure to discover the water was negligence. If you so find, and further find that her negligence was a proximate cause of her injuries, then your verdict must be for the defendant.

"If you find that the plaintiff Barbara Garcia saw the water on the floor at defendant's store before she slipped and fell, and you further find that she failed to avoid walking in the water and was negligent thereby, and her negligence was a proximate cause of her injuries, then you are instructed that Barbara Garcia cannot recover, and your verdict must be for the defendant."

The language of § 21–1–1(51) (1), N.M. S.A.1953 (Supp.1969) is clear. It explicitly directs:

"It shall no longer be proper practice for a trial judge in instructions to a jury in a civil action of proceedings to hypothesize facts within the evidence which if found by a jury to be true or untrue will justify or require a verdict for or against a party. * * * Hereafter the trial judge shall merely instruct the jury on the applicable rules of law and leave to counsel the application of such rules to the facts according to their respective contentions."

3. Defendant's fifth point is that: "The trial court erred in refusing to instruct the jury on assumption of risk."

 A party is entitled to an instruction on his theory of the case if such a theory is pleaded and supported by the evidence. Tapia v. Panhandle Steel Erectors Company, supra. Moreover, if a theory is pleaded and supported by the evidence, a refusal to instruct the jury on that theory constitutes reversible error. Stephens v. Dulaney, 78 N.M. 53, 428 P.2d 27 (1967). Conversely, if there is no evidence to support the theory, it would be reversible error to instruct on that theory. Reed v. Styron Construction Co., 69 N.M. 262, 365 P.2d 912 (1961).

Defendant submitted three requested instructions on assumption of risk. Two of them were properly refused because they hypothesized the facts. Section 21–1–1(51) (1), supra. The third instruction is N.M.U.J.I. 13.10. There is no contention that, under the New Mexico decisions, this instruction improperly states the law. The issue is whether there is evidence on which to base this instruction. We hold there was not.

To assume the risk, plaintiff must know of the dangerous situation. What dangerous situation? The danger of water on the floor generally or knowledge of the specific water on which Barbara slipped? Tapia v. Panhandle Steel Erectors Company, supra, states:

"Even though the physical surroundings that create the danger are known, a person will not be held to have voluntarily assumed a risk where the specific

danger which produced the injury is unknown."

See Shearman and Redfield on Negligence (Rev.Ed.), § 135.

 Barbara, in approaching the towel rack, observed some water on the floor. She attempted to go around this water. The only evidence in the record is that she slipped on something that she didn't see. The specific danger was not known to her. There is no evidence that whatever caused Barbara to slip was obvious. Accordingly, she cannot be presumed to know of this danger. See N.M.U.J.I. 13.10; compare Reed v. Styron Construction Co., supra.

Another element of assumption of risk is the plaintiff's voluntary exposure of herself to the danger. The only evidence is that Barbara was attempting to avoid the danger known to her (the water she had seen). There is no evidence that she voluntarily exposed herself to the danger which was unknown to her. See Gray v. E. J. Longyear Company, 78 N.M. 161, 429 P.2d 359 (1967).

The factual situation in this case raised an issue as to Barbara's contributory negligence (which was submitted to the jury), but did not raise an issue as to her assuming the risk. See N.M.U.J.I. 13.10, Committee Comment, second and third paragraphs.

4. Defendant's sixth point is that: "The trial court erred in refusing to instruct the jury on the law of liability of a storekeeper, based upon superior knowledge."

The refused instruction refers to the basis for the liability of a storekeeper. It also states that there is no presumption of negligence on the part of the storekeeper because a customer was injured on the premises.

We do not consider whether the refused instruction is a correct statement of the law. The basis of defendant's liability was adequately covered in instructions given by the court and to which defendant had no objection. Accordingly, re-

fusal of the requested instruction was not error. Roybal v. Lewis, supra.

We have considered defendant's other arguments and authorities and find nothing in them to compel us to conclude differently.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.