475 P.2d 961

**EL GRANDE MARKET NO. TWO, INC.,**
a corporation, Appellant,

v.

**Conchita McALPIN, a single woman,**
Appellee.

**No. 2 CA–CIV 884.**

Court of Appeals of Arizona,
Division 2.

Nov. 5, 1970.

Rehearing Denied Nov. 27, 1970.

Lesher & Scruggs, by John A. Wasley, Tucson, for appellant.

Silver, Ettinger & Karp by Jack A. Ettinger, Tucson, for appellee.

HATHAWAY, Judge.

Conchita McAlpin was a customer in the grocery store of appellant around noon on July 17, 1967. Upon leaving the store with groceries in her arms Miss McAlpin slipped on an apricot pit that was left on the ramp in front of the store and fell, sustaining injuries. She brought this suit and received a jury verdict in the sum of $17,200.

■ Defendant's first claim of error is that the plaintiff failed at trial "to establish that the condition causing her injury was known to the appellant, or that it had been in existence for a sufficient length of time prior to injury for the appellant in the exercise of reasonable care to find and correct it." We will view the evidence in a light most favorable to sustaining judgment of trier of fact, McFadden v. Wilder, 6 Ariz.App. 60, 429 P.2d 694 (1967), and we will not disturb the verdict if reasonably supported by the evidence, Whitly v. Moore, 5 Ariz.App. 369, 427 P.2d 350 (1967).

Testimony indicated that the pit had not been present at 9:00 when the store opened. Part of the testimony of the manager of the store was as follows:

"Q. You are an old produce man; aren't you?

A. Yes, sir, I am.

Q. In fact, that's your specialty. Would you say that seed could have been there about three hours since you opened?

A.  No, I would say it hadn't been there over thirty, forty minutes. But I'm just talking from my own experience. Not, nothing that I saw or nothing.

Q.  *Your best estimate it was there thirty or forty minutes?*

A.  *That's just my estimate. From the dampness of it, see, it's hot during the summer there and they dry out awful fast. In other words, they darken, and this wasn't dark yet.*

Q.  *So your estimate is thirty to forty minutes?*

A.  *Yes, sir.*

Q.  It may have been three hours?

A.  Possibility. I'm not going to argue with you there." (Emphasis added)

The defendant argues that the testimony set a maximum time and leaves the minimum open to conjecture. Although the initial response did set an outer time limit, the witness was pinned down to an unequivocal time estimate of 30 to 40 minutes. The witness was not rehabilitated by subsequent examination to reinstate his prior answer.

Defendant further contends that this testimony only proves that the pit was separated from the rest of the fruit for 30–40 minutes, not that it was on the ramp at that time; in other words, that it could have been placed there by other persons just minutes before Miss McAlpin came out of the store. The jury could reasonably have concluded that in all probability one usually doesn't carry an apricot pit around with him for 20–30 minutes and then drop it, particularly an individual prone to discard an apricot pit in such a fashion. The fall occurred on a Saturday when about 200 customers had visited the store. The store manager testified that it was common to find debris in front of the store, and that the ramp was on store property. Further testimony established that there was a produce department in the store that sold apricots. We believe that the evidence was sufficient to permit the jury to reasonably infer that the defendant had constructive knowledge of the condition, and a prima facie case in negligence was made. Pickwick Stages Corp. v. Messinger, 44 Ariz. 174, 36 P.2d 168 (1934); Salt River Valley Water User's Ass'n. v. Blake, 53 Ariz. 498, 90 P.2d 1004 (1939). Were it not for the estimate of time that the pit had been on the ramp, given by the store manager, evidence concerning the defendant's constructive knowledge may well have been deficient. Berne v. Greyhound Parks of Arizona, Inc., 104 Ariz. 38, 448 P.2d 388 (1968); McGuire v. Valley National Bank, 94 Ariz. 50, 381 P.2d 588 (1963).

■ Defendant next objects to the court's instruction number 2 which is as follows:

"A greater duty rests upon one engaged in selling merchandise, to discover whether a dangerous condition exists on the premises, than devolves upon his invitee who has a right to assume that the premises are reasonably safe for her use." Glowacki v. A. J. Bayless Markets, 76 Ariz. 295, 263 P.2d 799 (1953); Heth v. Del Webb's Highway Inn, 102 Ariz. 330, 429 P.2d 442 (1967).

Since the court did not qualify this instruction by saying that "a proprietor's duty is to exercise reasonable care for an invitee's protection," the complaint is made that the jury could have inferred that the proprietor's duty was greater than that of ordinary or reasonable care which is required by law, Berne v. Greyhound Parks of Arizona, Inc., supra. The defendant also argues that qualification of this instruction given elsewhere in the charge to the jury does not temper its prejudicial effect.

The instruction which represents a correct statement of the law, Heth v. Del Webb's Highway Inn, supra; Glowacki v. A. J. Bayless Markets, supra, appears in context as follows:

"Now, Ladies and Gentlemen, to help you in determining whether one or both of the parties to this action were negligent I will outline the law applicable to

a situation such as we have here, that is, a store owner or operator and a customer. Now the owner of a store must use *reasonable care* to maintain the premises which the public is invited to use in such a condition that the circumstances and, that under the circumstances of the particular case they are *reasonably safe* for a customer to use. And a business invitee or customer has the right to rely upon the owner *exercising reasonable care* in making the premises safe for such use. And the customer has the right to assume that the premises are *reasonably safe* for her use as such invitee or customer. Now a greater duty rests upon one engaged in selling merchandise to discover whether a dangerous condition exists on the premises than devolves upon the invitee or customer who has a right to assume that the premises are reasonably safe for her use. Now also, Ladies and Gentlemen, if some person caused debris or refuse to be upon the premises of the defendant El Grande Market Number Two, the defendant has a duty to use *reasonable measures* commensurate with the risk involved to discover that debris or refuse and to remove it before it injures some customer. However, the defendant may not be charged with responsibility for a foreign substance being on the floor of its store unless you find that the defendant through its employees had actual notice or knowledge of the condition or unless you find that it had existed for such a period of time to justify the conclusion that in the exercise of *reasonable care* it should have known of its existence within such time as would have given the defendant a *reasonable opportunity* to change the condition." (Emphasis added)

The jury was also instructed:

"Now if in these instructions I should state any direction or rule or idea in different ways or if a subject matter is treated first or last, no emphasis is intended by me and none must be inferred by you. For that reason you are not to single out any certain sentence or a single point in these instructions and ignore the others. But rather you are to consider all of these instructions as a whole and regard each one in light of all of the others."

"Now the standard by which we judge negligence is that of ordinary care, that is, the care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injury to themselves and to others. You will note that the person whose conduct we set up as a standard is not the extraordinarily cautious individual nor the exceptionally skillful person but a person of reasonable and ordinary prudence."

"*The only duty on the part of an owner or occupier of premises toward a business invitee or customer, as I have stated, is to use ordinary care under the circumstances to keep the premises reasonably safe.*"

"Now to find the defendant negligent in this case you must find that the following facts existed:

One. That a dangerous condition existed on or about the premises on the day in question.

Two. That the defendant knew or in the exercise of reasonable care and caution should have known about the dangerous condition.

Three. That the defendant had no reason to believe that the plaintiff would discover the condition or realize the risk involved.

Four. That the defendant invited the plaintiff to come upon the property without exercising reasonable care to make the premises reasonably safe or to give the plaintiff adequate warning of a dangerous condtion." (Emphasis added)

The foregoing shows that the jury was correctly and fully instructed.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.